SOCRATES SQUIER *vs.* THOMAS F. PLUNKETT.

A declaration alleging that the plaintiff at a certain time past was induced by the fraudu-
lent representations of the defendant to purchase certain stock and also bonds, and " said
stock is worthless and without value; and said bonds, if of any value, are of much less
value than the amount paid for them by the plaintiff," is bad on demurrer, for not show-
ing that the stock and bonds at the time of the purchase were of less value than he paid
for them.

ACTION OF TORT. The declaration alleged that the defendant
by his false and fraudulent representations in November 1854
(which were set forth in the declaration) induced the plaintiff to
purchase at that time stock in the Lackawanna Railroad Com-
pany, and in October 1856, by false and fraudulent representa-
tions that it was for the interest of the stockholders to do so,
induced the plaintiff to purchase at that time bonds of the same
company ; " and by said false and fraudulent representations of
the defendant the plaintiff has been greatly injured, inasmuch
as said stock is worthless and without value ; and said bonds,
if of any value, are of much less value than the amount so paid
for them by the plaintiff ; and the plaintiff has never received
the least benefit from the said stock and bonds, but only loss
and damage."

The defendant demurred to the declaration, because it did
not allege any direct injury to the plaintiff in taking the stock,
or that the stock was not good and worth all that the plaintiff

gave for it at the time he took it; nor show that during 1854, 1855, 1856 and 1857 the stock purchased by the plaintiff was not worth all he paid for it, nor state any time at which the stock became worthless.

*J. T. Robinson,* (*T. Robinson* with him,) for the defendant.

*J. Rockwell,* for the plaintiff.

MERRICK, J. The causes of demurrer afford a sufficient answer to the plaintiff's declaration ; and the demurrer must therefore be sustained. If the stock subscribed for by him was at that time worth in the market all that he gave, or promised to give, for it, and all that the defendant represented it to be worth, there could have been no false representations upon that subject, nor any loss sustained by the plaintiff in yielding to their influence. For the subsequent depression in the price of the stock, the defendant is not responsible. What causes produced this result are not alleged by the plaintiff; they may have arisen long after his subscription, and have defeated, as is no unusual thing in a new and untried enterprise, what seemed to be the fairest hope or the most reasonable expectation.

Judgment must therefore be rendered for the defendant, unless the plaintiff shall desire to amend his declaration by alleging an immediate loss and injury as the result of the representations under the influence of which he professes to have acted.