CLAUDIUS B. SOMERS v. LESTER S. RICHARDS.

*Case.   Pleading.*

The defendant made false and fraudulent representations to the plaintiff as to facts which he asserted had actually taken place, whereby the plaintiff was induced to buy of the defendant an interest in a certain patent-right, and was thereby damnified. *Held,* that the defendant was liable therefor in an action on the case.

In an action on the case, it is not necessary for the plaintiff to prove all the allegations of the declaration as to the means used by the defendant in doing the act complained of, provided less than all are sufficient to constitute a cause of action, and what are sufficient are proved.

The declaration in this case, *q. v.,* held to be in case, and not assumpsit.

CASE for deceit in the sale of a patent-right. Plea, the general issue, and trial by the court, December term, 1872, Ross, J., presiding. The declaration contained three counts. The first count alleged,

" That whereas, before and at the time of the committing of the grievances by the defendant, as hereafter next mentioned, the said defendant was possessed of an interest in a certain patent-right, called and known by the name of Stanly's Patent Blast Elevator, and the said defendant being desirous of selling and disposing of said patent-right, or some part thereof, heretofore, to wit, on the eleventh day of November, A. D. 1868, at Barnet aforesaid, wrongfully and injuriously contriving and intending to deceive, defraud, and injure the said plaintiff in this behalf, and professing great friendship with the said plaintiff, then and there falsely, fraudulently, and deceitfully, represented and asserted to the said plaintiff, that said patent-right was of great value, and in great demand in the country, and that vast sums of money could be received from the sales of said patent-right, and the ter-

ritory embraced under the letters-patent of said right, and that great sums of money had been received from the sale and disposing of said patent-right, and that the said defendant had received large sums of money from the sale thereof, and also that divers persons in said county of Caledonia, and elsewhere, of the plaintiff's acquaintance, were on the eve of putting large sums of money into said patent-right as a safe and profitable investment; whereupon, heretofore, to wit, on the day and year last aforesaid, at Barnet aforesaid, the said plaintiff, confiding in the pretended friendship of the defendant, and confiding in and wholly relying upon the representations and assertions of the said defendant, at the special instance and request of the said defendant, bargained with him to buy of him one undivided eighth interest in and to all the territory embraced and covered by said patent-right, to wit, one undivided eighth of the entire territory of the United States of America, excepting the states of Vermont, New Hampshire, and Massachusetts, at and for a certain sum, to wit, the sum of five thousand dollars. And the said defendant, by then and there falsely, fraudulently, and deceitfully pretending and representing to the said plaintiff, that the said false, fraudulent, and deceitful representations of the said defendant were true, then and there sold the said one undivided eighth interest in said patent-right as aforesaid, at and for the said sum of money, to wit, the sum of five thousand dollars. And the said plaintiff afterward, to wit, on the day and year aforesaid, paid the said defendant the said sum of five thousand dollars for the same; whereas, in truth and in fact, the said interest in and to said patent-right so purchased as aforesaid, had not been, nor was it before or at the time of the making of the said false representations and assertions, of any value, nor was said patent-right in great demand in the country, nor had large sums of money been received from the sales of said patent-right, nor had the said defendant received large sums of money from the sales thereof, nor were there divers persons in Caledonia county, and elsewhere, about to invest large sums of money in said patent-right, as the said defendant, at the time of his making his said false and deceitful representations, well knew. And the said plaintiff further saith, that the said defendant, by means of the premises, on the day and year aforesaid, at Barnet aforesaid, falsely and fraudulently deceived the said plaintiff on the said sale, and thereby said interest in said patent-right so purchased as aforesaid, is of no use or value to the said plaintiff; and the said plaintiff hath sustained great trouble, expense, and loss by reason of said false representations and assertions, to wit, two years' time, and a large sum of money, to wit, the sum of one thousand dol-

lars, in endeavoring to sell and dispose of said eighth interest in said patent-right, but which, by reason of said patent-right being worthless and of no value, he, the said plaintiff, has been wholly unable to do."

The second count alleged,

"That the plaintiff, on, &c., at, &c., bargained with the said defendant to buy of the defendant one undivided eighth part of and to Stanly's Patent Blast Elevator for all the United States, except the states of Vermont, New Hampshire, and Massachusetts; and the said defendant, well knowing the said elevator to be of no value, and that there was no demand for the same, and well knowing that it was of no value to the plaintiff, for sale or otherwise, in said states not excepted as above, and that it was wholly worthless to the plaintiff, by then and there warranting the said elevator to be of great value to the plaintiff for purposes of sale, and to be in great demand all through the United States, and that great sums could be secured by the plaintiff for the sale of said patent as aforesaid, then and there deceitfully sold one undivided eighth part of said elevator for all the United States except the states of Vermont, New Hampshire, and Massachusetts, for the sum of five thousand dollars; which said elevator at the time of said sale, was wholly worthless to the plaintiff, and was of no value at all, and there was no demand for the same; and the plaintiff, relying upon the warranty and representations of the defendant, as aforesaid, expended a large sum of money, to wit, one thousand dollars, in trying to dispose of the same, and two years of his time, but was unable to effect any sale of the same or any part thereof, so that said elevator is of no value to the plaintiff; and so the said defendant falsely and fraudulently deceived the plaintiff."

The third count was substantially like the first.

On the trial the defendant insisted that the plaintiff's declaration was in effect an action of assumpsit, counting upon the defendant's promises, undertakings, and warranty, and that the plaintiff could not recover, unless he established such promises, undertakings, and warranty, or some one of them. But the court held that it was an action for fraudulent representations and deceit. The court did not find that the defendant especially undertook, agreed, promised, or warranted that said elevator was of great value, or that money could be made by selling it, or that it was of ready sale, &c., as alleged in the declaration, but did find that the defendant gave it as his opinion that it was of great value, and that

money could be made by selling it, and that it would sell readily, as alleged in the declaration, &c. The court further found that the defendant represented, in order to effect the sale to the plaintiff, and that the plaintiff bought, influenced by, and relying upon such representations, that he had sold the right to use said patent in each of the states of Vermont, New Hampshire, and Massachusetts, for a specified sum of money, and gave the plaintiff to understand that the owners of said patent-right had actually realized the sum he named, for which said sales were made ; which representations the court found were false or fraudulent in this, that although the sales were nominally made for the sums named by the defendant, yet the owners of the patent had then realized from said sales only a part of the sums named, and there was no reasonable expectation that said owners ever would realize the full sums named by the defendant as being the consideration for said sales, as there were conditions about one or more of the sales, so that what then remained unpaid might never be payable to the owners of the patent, and for others of said sales the owners of the patent had only received, in part, notes of irresponsible parties, from which nothing ever had been, or could be, realized. The court found that the plaintiff would not have made said purchase, had not the defendant made said representations as to said sales, and that the plaintiff would not have made the purchase at the price he gave, if the defendant had told him the whole truth about said sales, and had told just how much money had been realized from each sale—what the conditions were in regard to the payment of the balance that might become due from said sales —and the character of the notes which had been taken in part payment for the same. The court also found that the entire conditions, and character of the notes received from said sales, were well known to the defendant, as said sales were negotiated by the defendant. The court also found that the value of the interest in said patent purchased by the plaintiff, was, with interest thereon, $3175 less than it would have been if said sales had been as represented by the defendant, and that the plaintiff was damnified to that amount by said false representations.

To the ruling of the court that the plaintiff could recover under the declaration, on the facts found, the defendant excepted.

*H. C. Belden* and *H. H. Powers*, for the defendant.

The case specially finds that all the representations made by defendant were mere *expressions of opinion*. This is not enough to constitute a cause of action. The false representations as to the sale of Vermont, New Hampshire, and Massachusetts, are not sued for. Every representation claimed as fraudulent, must be specially set out in the declaration.

*A. M. Dickey* and *W. P. Smith*, for the plaintiff.

The declaration is not in effect in assumpsit, counting upon the defendant's promises, undertakings, and warranty; but is clearly in case, for fraudulent representations, deceit, and warranty. About the second count, there can be no question, as it follows precisely the form in *Beaman* v. *Buck*, 3 Vt. 53, and counts upon the false warranty. The first and third counts follow, almost exactly, the form laid down in 2 Chit. Pl. 688, and both these counts state that the defendant, wrongfully and injuriously contriving and intending to injure and defraud the plaintiff, made the several false and fraudulent representations complained of, and that the plaintiff, confiding in and relying wholly upon these representations, made the purchase of said patent-right, and that the defendant thereby deceived the plaintiff, the defendant well knowing his representations to be untrue. All that is requisite in an action on the case is stated: 1st, that it was wrongfully done; 2d, the motive from which it was done; 3d, that the defendant well knew of the wrong; 4th, that the plaintiff was deceived and damnified. 1 Chit. Pl. 388, *et seq.*

The plaintiff is entitled to recover on the facts found by the court, under this declaration. The court find that the defendant made certain false representations to the plaintiff, as alleged in the declaration; that they were an inducement to the trade; that the defendant knew them to be untrue; that the plaintiff relied upon these representations, and would not otherwise have made

the trade; and that the plaintiff was damnified thereby. Under such a state of facts, the plaintiff is entitled to recover in an action on the case in the nature of deceit. *Chandelor* v. *Lopus*, 1 Smith Lead. Cas. 238; *Palsey* v. *Freeman*, 2 Ib. 166; 1 Hilliard Torts, and cases cited; *Willink* v. *Vandever*, 1 Barb. 599; 1 Chit. Pl. 107, 136, 137; *Williamson* v. *Allison*, 2 East. 446.

The opinion of the court was delivered by

BARRETT, J. This is an action on the case for deceit in selling a patent-right. Learned counsel for the defendant err when they say that all the representations made by the defendant were mere expressions of opinion. Though the court found that several of the representations alleged in the declaration were mere expressions of opinion, it was also found that other alleged representations were the assertion of facts as having actually occurred; and that those latter representations were false and fraudulent, and that they were effectual in deceiving the plaintiff into the alleged purchase.

The first and third counts contain allegations that the defendant falsely represented that great sums of money had been received from the sale and disposition of said patent-right, and that the defendant had received large sums of money from the sale thereof. Under that allegation, it was proper to be shown and found what the defendant represented as to sales, and the realizing of money therefrom, in Vermont, New Hampshire, and Massachusetts, and that the same was false, and fraudulently done, and caused the plaintiff to make the alleged purchase. These particulars were a mode of substantiating the general allegation, and when that was proved to such an extent as to show that the alleged fraud was effectually perpetrated by the defendant upon the plaintiff, it gave the plaintiff the right to recover. It was not necessary for him to prove all he had alleged as to the means and arts practiced by the defendant, provided less than all were sufficient to give him a cause of action, and what were thus sufficient, were in fact proved and established. This was done in the present case.

Judgment affirmed.