## HALE v. PHILBRICK.

1. **Evidence**: EXAMINATION OF WITNESS. A party cannot complain that a question permitted to be asked a witness is not material to the issue when the question is asked in rebuttal of testimony offered by himself.

2. **Vendor and vendee**: FALSE REPRESENTATIONS: EVIDENCE. In an action for damages for false representations by one who had bought the interest of a partner in a certain business, the ledger of the firm was competent evidence to show the interest of the partner selling and thus the damages which plaintiff had sustained.

3. ————: ————: RELIANCE UPON. It is not necessary the vendee should have relied wholly upon the false representations to entitle him to recover, but they must have been material and the jury must be satisfied that but for them the purchase would not have been made.

4. ————: ————: INJURY FROM. To enable the vendee to recover, the false representations must not only have misled him, but he must have been misled thereby to his injury.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, DECEMBER 5.

THE plaintiff purchased of the defendant his interest in the stock and grocery business of Gilbert & Philbrick, in Sioux City, Iowa, paying him therefor the sum of $2,000. He alleges in his petition that the defendant falsely represented to him that he had put into the business $2,850 as capital; that he had drawn out $109, and would draw out enough to make $160 in all, and that the balance, $2,690, would then be the balance which he would then have in said business; that the defendant in fact had only $1,650 in said business, which he well knew;

that the plaintiff bought in reliance upon the defendant's false representations. He prays judgment for $1,040. The case was tried before certain referees, who reported: " 1st. That the defendant represented to plaintiff that he had $2,850 in the grocery business of Gilbert & Philbrick, well knowing that $1,000 of it was a loan to his partner, Gilbert, and for which he held Gilbert's note, and that said $1,000 was put in as Gilbert's capital stock, and not Philbrick's. 2d. That plaintiff did not purchase relying wholly upon the representations of defendant as to his interest, and that plaintiff did not use due diligence in ascertaining the truth or falsity of the representations made to him by defendant." They found as a conclusion of law that the plaintiff could recover nothing. The court below confirmed the report and rendered judgment against the plaintiff for costs. The case having been appealed to this court, the judgment was reversed, on the ground that the second finding of fact was contrary to the evidence. The case having been remanded, the court ordered a trial by jury upon the question as to whether the plaintiff relied upon the representations of the defendant, having overruled a motion of plaintiff for judgment on the first finding of fact by the referees. Judgment was again rendered in favor of the defendant. Other facts are stated in the opinion. Plaintiff appeals.

*Joy & Wright*, for appellant.

*Pendleton & Bailey* and *Chase & Taylor*, for appellee.

ADAMS, J.—I. The plaintiff claims that the court erred in refusing to render judgment on the first finding of fact by the referees. The plaintiff, however, was not entitled to recover upon that fact alone, to-wit: that the defendant made false representations to the plaintiff in regard to the amount of his interest in the firm. It was incumbent upon the plaintiff to establish the further fact that plaintiff relied upon such representations in making the purchase. The referees found that he did not. This court, to be sure, set aside the finding as being contrary to the evidence, but it did not find as a fact that the con-

verse was true, that plaintiff did rely upon the representations. This court was of the *opinion* that the evidence showed that to be true, but it was not for the court to find it as a fact and order judgment to be rendered accordingly, nor could the court below assume that such fact was found. We think, then, that the court did not err in submitting that issue to a jury. It should, we think, have gone even farther and submitted the other issue also, as the defendant claimed should have been done. To conclude the defendant upon that issue was to deprive him of his right to appeal.

II. Upon the trial the defendant was asked the following question: "You have heard Hale's statement here, saying

1. EVIDENCE: examination of witness. that you represented to him that you put in from $2,800 to $2,900; state what you know about that; what statement you made in reference to it." The plaintiff objected, on the ground that the issue as to false representations had been settled by the referees, and that the only issue to be tried was whether Hale relied upon the representations.

In allowing the defendant to answer the question we think there was no error. Hale himself had testified as to what representations Philbrick made. We must presume that he deemed it important to show the language used by Philbrick under the issue which was being tried. Having testified himself as to what Philbrick said, he cannot properly claim that Philbrick should not have been allowed to testify in rebuttal upon that subject.

III. The ledger of Gilbert & Philbrick showed a credit in favor of Gilbert for $1,000, and a credit in favor of Philbrick for

2. VENDOR and vendee: false representations: evidence. $1,500, for money put by them respectively into the firm. The defendant offered the entries in evidence. The plaintiff objected upon the ground that he was not a party to the ledger and had not even examined it.

The entries as between Gilbert and Philbrick were *prima facie* correct. As the plaintiff bought Philbrick's interest and took his place in the firm with Gilbert, it follows that as between the plaintiff and Gilbert they were *prima facie* correct. They were then admissible in evidence if there was anything

proper to be shown by them, and we think there was. Conceding that Philbrick had made false representations, there was still a question as to what damages, if any, the plaintiff had sustained. Upon this question it was important for Philbrick to show the value of the interest which he sold to the plaintiff, and that showing depended, to some extent, upon a comparison of the credits to which Gilbert and Philbrick were respectively entitled at the time of the sale.

IV. The plaintiff excepts to an instruction which was given in these words: "If you find from the evidence that plaintiff did rely upon the representations of the defendant that his capital in the firm of Gilbert & Philbrick was $2,850, and was induced thereby to make the purchase from the defendant, your verdict should be for the plaintiff for $1,000 and interest at six per cent from the date of the purchase."

Whatever error there may be in this instruction, we do not think that the plaintiff should complain. In no event could his recovery have been greater.

V. The plaintiff excepted to an instruction which was given in these words: "In determining whether the plaintiff did or did not rely upon the defendant's representations concerning the value of his capital, or was or was not induced thereby to make the purchase, you should consider everything that was done and said by the plaintiff in negotiating the purchase so far as the same may enable you to determine the question before you."

It is insisted by the plaintiff that this instruction is erroneous, because it submits to the jury the question as to the plaintiff's reliance upon the defendant's representations concerning the value of his capital, whereas the question before the jury was as to the plaintiff's reliance upon the defendant's representations concerning the *amount* of his capital.

Whatever capital the defendant put in was money, except a team which was put in at $300. We think that the words *value* and *amount*, as used in this connection, may be regarded as convertible terms.

VI. The plaintiff asked an instruction which is in these

words: "It is not necessary that the jury should be satisfied 3. ——: ——; that the plaintiff relied wholly upon the represen-
reliance upon. tations of the defendant in reference to the amount of capital which the defendant had in the business. If you find that it influenced or induced Hale to enter into the contract of purchase, you will find that the plaintiff relied upon the representations of the defendant in making the purchase." The court refused to give the instruction and the plaintiff excepted.

The instruction might, we think, have been properly given, and yet we see no ground for supposing that the plaintiff was prejudiced by its being refused. It was not necessary to tell the jury that if the plaintiff was induced by the representations to make the purchase, he must have relied upon them; they knew it as well without an instruction as with. Nor do we think that the proposition contained in the first part of the instruction, that it was not necessary that they should be satisfied that the plaintiff relied wholly upon the representations of the defendant, would have aided the jury. To entitle the plaintiff to recover it should appear that the representations constituted a material inducement to making the purchase; that is, the jury should be satisfied that but for the representations the purchase would not have been made. Under the instructions given we think that the jury must have understood this to be the law of the case.

VII. An instruction was asked by the plaintiff, which is in these words: "You have nothing to do with the question as 4. ——: ——; to whether Hale made a good or bad trade in the
injury from. purchase of Philbrick's interest in the firm, or with the question as to how much, if anything, Hale ought to recover in this action, or with the equities of the parties under their respective claims; these questions are not submitted to you."

The instruction was refused, and we think properly. To enable a person to recover for false representations, it must not only appear that he was misled by them, but that he was misled to his injury. *Freeman v. McDaniel*, 23 Ga., 354; *Hanson v. Edgerly*, 29 N. H., 343; *Upton v. Vail*, 6 Johns., 181;

*Nye v. Merriam*, 35 Vt., 438; *Vernon v. Keyes*, 12 East., 637.

VIII. Finally, it is claimed that the verdict is contrary to the evidence. This position also, we think, is untenable. The evidence shows that soon after the purchase Gilbert & Hale took an inventory of stock, and that it amounted to $4,000. Hale's credit upon the books was several hundred dollars larger than Gilbert's. He paid only $2,000. The evidence shows quite clearly that what he bought was worth more than that. If so, he not only did not sustain damages by reason of having made the purchase, but the jury might well have believed that the plaintiff was induced to make the purchase by the actual rather than the represented value of what he was buying.

AFFIRMED.