R. T. HICKS

*v.*

WILLIAM DEEMER.

*Opinion filed October 19, 1900.*

1. TRIAL—*when objection to introduction of a will in evidence is sufficiently specific.* An objection to the introduction of a will in evidence on the ground that no sufficient foundation had been laid for the same is sufficiently specific to direct the court's attention to the absence of proof of probate.

2. EVIDENCE—*when admission of will in evidence is error.* The admission in evidence, over proper objection, of a paper purporting to be an original will filed and recorded in the office of the county clerk, where no proper proof of probate is made, is error.

3. SAME—*when proof of the ownership of land is essential to recovery.* Under a declaration averring the plaintiff's ownership of land in fee simple absolute, and alleging that he was deprived of that estate by the fraud and deceit of the defendants, the plaintiff's right of action depends upon proof of his ownership as alleged.

4. DAMAGES—*measure of damages for fraud in inducing plaintiff to part with his interest in land.* In an action for fraud in inducing the

plaintiff to part with his interest in land under the mistaken belief, brought about by the defendant's representations, that he owned only a life estate, the measure of damages is the difference between the value of the actual title conveyed and the *value* of the title which defendant represented to exist and which the plaintiff believed he conveyed.

*Hicks* v. *Deemer*, 87 Ill. App. 384, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. T. N. MEHAN, Judge, presiding.

MATTHEWS & GRIGSBY, for appellant.

WILLIAM MUMFORD, and HUGH JOHNSTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action on the case brought by appellee, William L. Deemer, against Ransom Kessinger, William F. Hess and appellant, R. T. Hicks, for damages on account of alleged fraud and deceit in misrepresenting to the appellee the title which he had in certain lands, and thereby causing him to convey and cause to be conveyed said lands to appellant, R. T. Hicks, for a sum much less than they were actually worth. The declaration contains three counts, in each of which it is averred that the plaintiff is a person of weak understanding, unlearned, unlettered and unable to read or write; that his father, Jacob Deemer, being the owner in fee simple of the said lands, devised them unto the plaintiff in fee simple, and that the defendants, knowing the contents of the will and the estate thereby devised, fraudulently represented to plaintiff that he had only a life estate in said lands. The first count alleged that the legal title to the lands was in the plaintiff. The second alleged the title to be in him subject to an encumbrance to his brother, Wesley

Deemer, and the third alleged that Wesley Deemer held the legal title in trust for the plaintiff. The first and third charged that, by means of the false and fraudulent misrepresentations of the defendants, the plaintiff was induced to convey and cause to be conveyed the lands to defendant R. T. Hicks. The second charged that plaintiff, with his brother, Wesley Deemer, directed a deed of the life estate, only, to the defendant R. T. Hicks to be prepared, but the defendant Hess prepared an instrument, under the direction of the other defendants, conveying the whole title. The case was tried upon a plea of the general issue, and at the close of the evidence the suit was dismissed as to the defendant Ransom Kessinger. There was a verdict against the defendants R. T. Hicks and William F. Hess for $1200, followed by a judgment for that amount, which the Appellate Court affirmed.

The wrong charged against the defendants at the trial was in causing plaintiff to believe that he owned only a life estate in one hundred and twenty acres of land in Pike county, whereas, in truth, he owned the same in fee simple, and in causing him to part with his interest in the land under the mistaken belief, induced by the defendants, that he owned a life estate, only. On the question whether the alleged representations were made by defendants the evidence was conflicting. After the death of plaintiff's father there were judgments against plaintiff and Truman Fisher, with whom plaintiff had been in partnership in business, aggregating about $1900. Plaintiff, hearing that the judgment creditors would endeavor to make the money out of this land, made a deed, together with his wife, to his brother, Wesley. This deed was made with an agreement, as he testified, that his brother should pay off the judgments, and on being re-paid should re-convey the land to plaintiff's wife. The judgments were not paid and bills were filed by the creditors to set aside the deed and subject the lands to executions on the judgments. Plaintiff testified that he was unlearned and

unlettered, and consulted the defendant Hess, a lawyer, as to what he had better do, and through Hess a sale was made to the defendant Hicks. A conveyance was made from Wesley Deemer to Hicks in consideration that Hicks would pay off the judgments and the sums named in the will to be paid by plaintiff, and pay $1000 to plaintiff. Hicks afterward conveyed the land to a third party.

It was proved that the legal title to the lands was vested in plaintiff's brother, Wesley Deemer, and that plaintiff's title was equitable, only, and on these grounds it is contended that there was no right of action, at law, in the plaintiff, but that, his right or estate being purely equitable, the jurisdiction is in equity for any wrong done to that right or estate. It is urged that the party vested with the legal title is the only person permitted to sue at law, although the suit be for the benefit of another party having the equitable right. That question is not in the record before us. The second and third counts of the declaration charged that the legal title was not in plaintiff, but in Wesley Deemer, his brother. The first count averred that the legal title was in the plaintiff. The defendants demurred to the declaration but pleaded over, and did not afterward in any way raise the question whether the action could be maintained on the ground now stated.

The court admitted, against the objection of defendants, a paper purporting to be the original will of Jacob Deemer, filed in the office of the county clerk of Pike county, and which appeared to have been recorded in said office. The part of the alleged will, and codicil thereto, relating to this litigation is as follows:

"I give and bequeath to my son, William Deemer, and to his lawful heirs, the following described lands, to-wit: The west half of the north-west quarter of section number twenty-one (21), also the north-west quarter of the south-west quarter of section number twenty-one (21), in township number seven (7), south of range number two (2),

west of the fourth principal meridian, in the county of Pike and State of Illinois, provided that he pay to my grandchildren, Jacob S. Wheeler and Wesley Wheeler, the sum of two hundred (200) dollars each, and to Charles Wheeler, Jose Wheeler, George W. Wheeler, Thomas J. Wheeler, Tilden Wheeler, Frank Wheeler, Elsie M. Wheeler, John Wheeler and Maud Wheeler the sum of five (5) dollars each,—the above named children being the bodily heirs of my deceased daughter, Rachel Wheeler. The payment of said sums of money shall be paid within two years from date of my death. Also to Thomas Wheeler, husband of my deceased daughter, Rachel Wheeler, the sum of five dollars."

Second item of codicil: "In regard to former will in bequest to my son, William Deemer, I desire to change to read, to-wit: that he shall have use, benefit and control of west half of the north-west quarter and the north-west quarter of the south-west quarter of section number twenty-one (21) in town number seven (7), south of range number two (2), west of the fourth principal meridian, in the county of Pike and State of Illinois, during his lifetime only, and that at his death said lands shall go to his lawful heirs, provided that he makes payment as stated in the original will."

The ruling is assigned as error on the ground that there was no evidence that the will was ever proved or admitted to probate, and it is replied that the objection of the defendants was not specific enough to raise that question.

A general objection to evidence goes to its competency or relevancy, and if a will which has not been probated is incompetent as evidence of a devise, a specific objection was not required. A general objection to evidence which is incompetent in any event is sufficient. (*Hardin* v. *Forsythe*, 99 Ill. 312.) The statutory provision as to what shall make a will effective in law is as follows: "And every will, testament or codicil, when thus proven

to the satisfaction of the court, shall, together with the probate thereof, be recorded by the clerk of said court, in a book to be provided by him for that purpose, and shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed." (Rev. Stat. chap. 148, sec. 2.) The original jurisdiction to establish the validity of wills and admit them to probate is in the county court, and not in the circuit court as a court of law. It is true that the probate only establishes the original validity of the will, and the title of the devisee relates back to the testator's death and takes effect from that time; but such validity must be established by proof that the will was executed with the formalities required by law to render it effective as a will. But we regard the objection made as sufficiently specific to direct attention to the want of proof of probate. The objection is as follows: "Counsel for defendants further objected to the introduction of the will on the ground that no sufficient foundation was laid for the same." The objection was upon the ground that it was necessary to make further proof as a basis for the admission of the will. It was error to overrule the objection and admit the paper.

By the twenty-third instruction given at the request of plaintiff the court instructed the jury that under said will of Jacob Deemer the plaintiff became and was the owner of the land described in the declaration by a fee simple estate, and not by a life estate, simply. There was no evidence that Jacob Deemer owned the land, nor that the will had been proved so as to be operative as a devise to plaintiff. The court also refused to give an instruction asked for the defendants, that before they could find for the plaintiff they must find that he was the owner of the land. Plaintiff averred in his declaration that he was the owner of the premises in fee simple absolute, and that he was deprived of that estate by the

fraud and deceit of the defendants.    His right of action depended upon proof of his ownership so alleged.    It is argued, in reply, that it was not necessary to prove title in Jacob Deemer, because both parties claimed title through him.  If that were true, it would not obviate the objection to the instruction that a will not probated conveys the title.    But the title is not in litigation between parties claiming it from the same source.    The suit is to recover damages for the consequences of a fraud practiced upon the plaintiff, and the question whether any injury was done to him, and the extent of it, depended upon his title or want of title to the premises.

On the question of damages the court gave this instruction:

"If you find defendants, Hicks and Hess, guilty as charged, if you find actual damages, the measure of such damages, if any, should be the difference between what Hicks gave for the land and what it was actually worth."

If plaintiff was damaged, the extent of his injury was the difference between the value of the actual title which he conveyed and the value of the title which the defendants represented to exist and which he was led to believe he did convey.    The fraud alleged consisted only in the nature and extent of the title purchased, and if Hicks purchased the life estate for less than it was actually worth he is entitled to the benefit of his bargain.    The price paid for property is generally admissible in evidence on the question of its value, but it is not conclusive, and the measure of damages is the difference between what, in fact, existed and what was represented.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court.                      *Reversed and remanded.*