IN RE ESTATE OF B. W. EVANS, Deceased. JOHN LOVERIDGE, MERCY WOODALL, SARAH EVANS, MELINDA MARKS and HARRIETT WARRING, Appellants, v. WALTER EVANS and MRS. L. M. EVANS, his next friend, Appellees.

**Action to Set Will Aside:** EVIDENCE. In an action to set aside a will on ground of unsoundness of mind, evidence as to testator's appearance, conduct, habits and manners is admissible.

*Transaction with decedent.* Under Code, section 4604, declaring that no party to an action shall be examined as a witness in regard to communications between such witness and a person at the time of such examination deceased, communications made by testator to his wife are inadmissible in an action to set aside his will.

*Communications between husband and wife.* Under Code, section 4606, providing that neither a husband or wife shall be a witness against the other except in certain specified cases, a divorced wife cannot testify as to communications made to her by her deceased husband prior to the divorce, in an action to set aside his will.

*Timely objection.* An omnibus motion to strike out statements and communications by testator given in evidence by his wife in an action to set aside his will, made after she had given a great deal of evidence, and without stating reasons or grounds therefor, is insufficient.

*Same.* Where, in an action to set aside a will, no objection was made to questions asked testator's divorced wife as to certain communications and statements made to her by deceased at the time when asked, a subsequent motion to strike out such communications and statements, some of which were admisible, because she was testator's wife at time when made, and because she was a party to the transaction, and it was a personal transaction with deceased, was properly overruled.

INSTRUCTIONS: *Testamentary capacity and partial insanity.* An instruction in an action to set aside a will on ground of unsoundness of mind, that the jury were to determine from the evidence whether or not the testator was mentally capable, and that, if he was laboring under a mental delusion, whereby his mind was clouded in the particular respect in question he could not lawfully do as he pleased with his property; and further, "You will determine from all the evidence," whether testator

"was or was not laboring under a mental delusion, or condition of partial insanity, such as that his acts can or can not be said to have been the deliberate acts of a sound mind"—is erroneous, since it leaves the jury to infer that partial insanity would in itself avoid the will, and as containing no definition of testamentary capacity.

*Numbering paragraphs.* The fact that the court failed to number the paragraphs of the instructions, as required by Code, section 3708, is not ground for a new trial.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

FRIDAY, MAY 24, 1901.

THIS is a contest over the probate of the will of W. B. Evans, deceased. Defendants, who are contestants, pleaded that the testator did not have sufficient mental capacity to execute the instrument, and on this issue the case was tried to a jury, resulting in a verdict finding that deceased was of unsound mind at the time the will was executed. Proponents appeal.—*Reversed.*

*Stewart & Cohen* for appellants.

*Brennan & Brennan* for appellees.

DEEMER, J.—The will was executed on the twenty-eighth day of October, 1897, and it devised all of testator's property to his four sisters, who at the time resided at Bristol, England. Contestants are the divorced wife and son of the deceased. In order to establish testator's unsoundness of mind, both contestant's were allowed to testify to his appearance, conduct, manners and habits—which was perfectly proper—and to give in evidence certain communications made to them by the deceased during his lifetime. These communications were clearly inadmissible, under section 4604, and the communications made to the wife before her divorce from her husband were also

inadmissible under section 4606 .The difficulty with the case is that the record is not in shape to present these questions. Proponents moved to strike out a certain statement made by the deceased to his wife before the divorce, but gave no reasons therefor; and they also moved to strike out all communications made by husband to wife, without pointing out the communications objected to. The motion was made after the wife had given a great deal of evidence, some of which was competent, as relating to the appearance, demeanor, and conduct of the husband, and some of which was incompetent for the reasons suggested. Such an omnibus motion will not be regarded, especially when, as in this case, no grounds for the motion are stated. Just before the close of Mrs. Evans' direct examination, proponents' counsel made a motion to strike out all communications and statements made to her by deceased, "because she was his wife at the time they were made," and "because she was a party to the transaction, and it was a personal transaction with deceased." No objection seems to have been made to the questions that elicited the matters referred to, and no motion was made to strike the answers when given. For this reason alone the motion was properly overruled. The ruling was correct for the further reason that the exact matters referred to were not pointed out in such a manner as that the court could intelligently rule on the motion. The record as to the testimony of the son is even more imperfect. After proponents' counsel had made objections to the certain answers—not to the questions propounded—the court said: "You will have to make your objections. Some portions of the testimony may be against the rule; others not." No further objections were made. In the face of this record, there is manifestly nothing in the rulings on evidence to consider.

II. The trial court failed to number the instructions, as required by section 3708. This is not ground for a new trial. Code, section 3705.

III. The court instructed the jury with reference to insanity, monomania, and unsoundness of mind, and, among

other things, said: "There can be no abstract rule given you to determine the question submitted to you. The entire evidence in the case, including all the facts and circumstances, is before you, and you have the opinion of the medical experts, and from all thereof you are to determine, by weighing all such evidence after a common-sense fashion, whether the said B. W. Evans was at the time and in the execution of the alleged will responsible or irresponsible, mentally capable or mentally incapable." At, no place in the instructions, unless it be in what follows, was testamentary capacity defined. In speaking of the right of the testator to deal with his property as he pleased, the court said: "As I have already said, if the testator was of sound mind, he could lawfully do what he pleased with his property; otherwise, of course, if he was not mentally sound, or, what is the same thing, if he was at the time of the execution of the will laboring under a mental delusion, whereby his mind was clouded in the particular respect in question, and hence that this act cannot be said to be a sane act." Again, in another instruction, the jury was charged as follows: "Taking now the general principles I have stated to you as a guide you will determine from all the evidence before you whether at the time of the execution of the instrument the said B. W. Evans was or was not laboring under a mental delusion, or condition of partial insanity, such as that his act can or cannot be said to have been the deliberate act of a sound mind and disposing mind." This is all that was said regarding testamentary capacity. The proponents asked an instruction to the effect that a person is considered of sound and disposing mind who knows the nature of the act he is performing, and is fully aware of its consequences. This, or something embodying the same thought, should have been given. The test is the capacity of the testator to understand the nature of the testamentary act. One who is capable of weighing the consequences of his will, and to a reasonable degree its effect upon his estate

and his family, is sound of mind. A person devoid of such capacity of mind is incompetent to make a valid will. Although his mind be clouded, if he is capable of comprehending his property interest, and of determining what disposition he desires to make of such property, and of making such disposition, he has testamentary capacity. These rules are well settled, and scarcely need fortification by the citation of authority. But see *Bates v. Bates,* 27 Iowa, 115; *In re Convey's Will,* 52 Iowa, 197; *Freeman v. Easly,* 117 Ill. 317 (7 N. E. Rep. 656); *Dobie v. Armstrong,* 160 N. Y. 584 (55 N. E. Rep. 302); *Webber v. Sullivan,* 58 Iowa, 265. The court was in error leaving the jury to infer that partial insanity or possession of an insane delusion would in itself avoid the will, and in not defining more clearly testamentary capacity. For this reason the judgment is REVERSED.