Edgar W. Long, Appellee, v. Frank Davis, Appellant.

**Evidence of market value:** COMPETENCY OF WITNESS. One shown
1 to have been a farmer for many years is competent to testify
to the market value of land upon which he previously lived
and cultivated.

**Impeaching evidence:** REBUTTAL. It is competent on rebuttal for
2 plaintiff to explain impeaching testimony offered by defendant.

**New trial:** NUMBERING INSTRUCTIONS. A new trial will not be
3 granted for failure to number the instructions.

**Fraudulent statements of vendor:** SUFFICIENCY OF PROOF. In an ac-
4 tion for damages for fraudulent representations inducing the sale
of land, it is not necessary for plaintiff to prove every alleged
statement; recovery may be had upon proof of one or more
statements by a preponderance of the evidence and that plain-
tiff relied thereon to his injury.

**Same:** INSTRUCTIONS. An instruction in effect, that to recover for
5 false representations inducing the purchase of land the same
must have been false to the knowledge of the vendor, that
they must have been a material inducment and relied upon
by the vendee in the belief that they were true, is approved.

**False representations:** MEASURE OF DAMAGES: INSTRUCTION: EVI-
6 DENCE. A general instruction, in an action for damages based
on alleged false representations inducing the purchase of land,
that the measure of damages is the difference in value be-
tween the land as represented and its actual value is sufficient,
without specific reference thereto in connection with each
false statement; and the agreed price of the land is sufficient
proof of its value as represented to support recovery.

**New trial:** NEWLY DISCOVERED EVIDENCE. In an action for inducing
7 the purchase of land by false statements, neither newly dis-
covered evidence consisting of what certain witnesses said to
plaintiff regarding the quality and condition of the land pur-
chased by him, nor what they had heard regarding the same
before he made his purchase, will support a new trial, in the
absence of any showing that the information was communi-
cated to the plaintiff prior to the purchase.

*Appeal   from   Fremont   District   Court.*— Hon.   O.   D.
Wheeler, Judge.

MONDAY, DECEMBER 16, 1907.

ACTION at law to recover damages for false and fraudulent representations made by defendants in the sale of a tract of land to plaintiff.    Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*T. S. Stevens,* for appellant.

*W. E. Mitchell,* for appellee.

DEEMER, J.— The petition alleges that defendant, in negotiations leading to the sale of some land to plaintiff, made the following false and fraudulent representations: " That said land was productive land, and was not subject to damage or injury by water, either the water that fell upon the land, or overflow water, and that it was above overflow, and was not injured or damaged thereby; that the prairie land was blue stem grass, blue stem grass being very valuable grass for hay; but in truth and in fact the grass which grew upon said land was not blue stem grass; that there was about 80 acres of grass which was blue stem, when in truth and in fact there was no blue stem." Plaintiff further alleged " that blue stem grass always grows upon strong rich land; and the defendant represented to the plaintiff that all of the land that he was selling to the plaintiff, and which the plaintiff purchased from defendant, had at one time been blue stem grass land; when in truth and in fact no part of said land was blue stem, which was well known to the defendant and was not known to the plaintiff." He also charged " that the defendant represented to the plaintiff that no part of the water which comes down from Plum creek ever overflowed and got upon the land which plaintiff purchased from the defendant, and represented that this land was not injured or overflowed by any overflow water, and was not injured or damaged from any water coming down Plum creek and over-

flowing said land." He further alleged that defendant represented that there was no gumbo on said land; that it had yielded large crops of hay and corn for a great number of years prior to the time of plaintiff's purchase. It is alleged that each and all of said representations were made with intent to deceive, were false and untrue, and that defendant knew this when he made them. Defendant's answer was a general denial, and an averment that plaintiff relied upon his own judgment, examined the land for himself, and was satisfied therewith, and took advice from others before he purchased, relying upon their judgment or his own, and not upon any statements made by defendant. It was upon these issues that the case was tried resulting in the judgment heretofore stated. For a reversal of this judgment something like twenty-two errors are assigned for defendant in the brief submitted for our consideration. These relate to some rulings on evidence, but more particularly to the instructions given by the trial court. Contention is also made that the court should have sustained defendant's motion for a new trial on the ground of newly discovered testimony.

As to rulings on evidence, plaintiff was permitted, over defendant's objections, to testify as to the market value of the lands. It is now argued that he did not show himself

1. EVIDENCE OF MARKET VALUE: competency of witness.

competent to give an opinion with reference thereto. The testimony shows that he had been a farmer for many years before moving onto the land, and that he had lived thereon and cultivated the same from July, 1902, to September, 1905, when the case was tried in court below. This was sufficient to show competency.

A ruling upon some testimony offered by plaintiff in rebuttal is complained of. Defendant sought to impeach

2. IMPEACHING EVIDENCE: rebuttal.

him, plaintiff, by showing contradictory statements to one of his, defendant's, witnesses. Upon rebuttal, over defendant's objections, plaintiff was permitted to explain this matter by showing

what he did in fact say; and in this there was no error. *Spaulding v. R. R.,* 98 Iowa, 205; *Hale v. Philbrick,* 47 Iowa, 217.

II. Coming now to the instructions. It is first insisted that they were not numbered, and that

**3. New trial:** numbering instructions.

for this reason a new trial should be ordered. There is no merit in this. *In re Evans' Estate,* 114 Iowa, 240, and cases cited.

Next, it is contended that the instructions are prolix, inconsistent, and obscure. But as we shall see, save perhaps as to one, there is no foundation for this criticism. In its

**4. Fraudulent statements of vendor:** sufficiency of proof.

instructions the trial court directed the jury that it was not necessary for plaintiff to establish each and all of the several misstatements alleged, but that it was sufficient if he proved one or more of them by a preponderance of the evidence, and that this one was relied upon and that damage resulted. In this there was no error. Plaintiff was not required to prove each and every one of the statements which he claimed defendant made as an inducement to the sale. This is fundamental doctrine. *Scholfield Gear Co. v. Scholfield,* 71 Conn. 1 (40 Atl. 1046); *Kehl v. Abram,* 210 Ill. 218 (71 N. E. 347, 102 Am. St. Rep. 158); *Somers v. Richards,* 46 Vt. 170.

This instruction was succeeded by the following: "If you have already found from the evidence that the defendant made the representations complained of, or some of them,

**5. Same:** instructions.

and you now find from the greater weight of the evidence before you that such representations so made by the defendant, or some of them, were false, and that the defendant knew of the falsity thereof, then you should proceed to consider the next question of fact hereinafter submitted to you; but unless you do so find, your verdict should be for the defendant without proceeding further. It must next be shown by the evidence before you that the plaintiff relied upon such representation or representations so made by defendant, believing the same to be

true, and was thereby induced to make such purchase. It must be shown that the plaintiff in making such purchase relied upon and believed such representation or representations made by defendant, if any were made by him. If you find, from the evidence, that the plaintiff in making such purchase relied only upon his own knowledge and observation, or upon information received from others, then he cannot recover. It is conceded that on the date of the purchase plaintiff went upon the premises in question and made some investigation and observation thereof. He must be presumed to have gained such information and knowledge from such observation as would have been plain and apparent to a man of common experience and prudence making observations under like circumstances. The law will not permit the plaintiff to recover by reason of any representations made to him which he does not believe to be true. Nor will it permit him to recover by reason of such representations unless by such representations he was induced to make the purchase in question. It is not required to be shown that such representations were the sole inducing cause, but it must appear that such representations were a material inducement, and that but for such representation or representations such purchase would not have been made. The burden of proof is upon the plaintiff to show that he relied upon such representation or representations so made by the defendant, believing the same to be true, and was thereby induced to make such purchase, and he must establish such facts by a preponderance of the evidence before you. If you have already found, from the evidence, that such representations, or some of them, were made by defendant, and that such representation or representations so made were untrue and known to defendant to be untrue, and you now find from the greater weight of the evidence that the plaintiff relied upon such representation or representations, believing the same to be true, and was thereby induced to make the purchase of the land in question, then you should proceed

to consider the next question of fact submitted to you in these instructions; but unless you do so find, your verdict should be for the defendant without proceeding further." These are complained of, but we think the criticisms thereof without merit. *Hale v. Philbrick,* 42 Iowa, 81, s. c. 47 Iowa, 217; *Marshall v. Gilman,* 52 Minn. 88 (53 N. W. 811); *Gardner v. Trenary,* 65 Iowa, 646; *Fargo Coke Co. v. Fargo Gas Co.,* 4 N. D. 219 (59 N. W. 1066, 37 L. R. A. 593); *Dashiel v. Harshman,* 113 Iowa, 283.

In its instructions upon the measure of damages the trial court said: "You should first determine which of said representation, or representations, if any, were made by defendant. You should then determine what

6. FALSE REP-
RESENTATIONS: would have been the value of said lands at the
measure of
damages: time of the purchase if such representations
instruction:
evidence. or representation so made were true. If said lands would have been of greater value at that time if as represented by defendant, then the plaintiff was damaged by such representations. But if said land would not have been of greater value at that time if as represented by defendant, then the plaintiff has not been damaged by reason of such representations." This was followed by another reading in this wise: "If you find for the plaintiff, you should allow him as damages that sum which will represent the difference in the reasonable market value of the land as it in fact was at the time of the purchase in the particular or particulars represented, and what would have been its reasonable market value at said time if it had been as represented in such particular or particulars. For example, if you find from the evidence that defendant represented that there was no gumbo on said land, and you find that there in fact was gumbo thereon, and you find all the other facts necessary to entitle plaintiff to recover, as explained in these instructions, you should allow plaintiff the difference in the reasonable market value, if any, between such land with such gumbo thereon as is shown by the evidence, and what

would have been its reasonable market value if there had been no gumbo on said land; such value to be fixed at the time of the purchase. In determining such questions you should consider only such evidence as affects the value of the particular or particulars in which you find the defendant made the representations complained of."

These instructions are somewhat involved, but the intent thereof is clear. That is to say, the jury was to fix the damages at the difference between the market value in the condition in which they were (of which there was ample testimony), and their value had they been as defendant represented them to be. If defendant did not make all of the representations claimed by plaintiff, then, of course, no attention should be paid to those which were not made, although alleged. The exact point made here, as we understand it, is that there was no testimony as to the value of the lands as represented to plaintiff, save upon the theory that he, defendant, made all the representations charged. But this is not true, and, even if it were, we do not see that defendant has any ground for complaint. The parties agreed upon the value of the land as represented by defendant, no matter what these representations may have been; and we must assume, in view of the verdict, returned, that he made some or all of these, and the agreed price was sufficient proof as to the value of the land as represented. *Buford v. McGetchie,* 60 Iowa, 298; *Siltz v. Ins. Co.,* 71 Iowa, 710; *Page v. Parker,* 43 N. H. 363 (80 Am. Dec. 172); *Cooper v. Schlesinger,* 111 U. S. 148 (4 Sup. Ct. 360, 28 L. Ed. 382); Elliott on Evidence, volume 1, section 181, volume 3, section 2319–623; *Page v. Parker,* 43 N. H. 363 (80 Am. Dec. 172). This last case is directly in point, and, as, we think, announces the correct rule of law. Briefly stated, it is this: Where property is sold, the presumption is that it is as represented, and the price paid for the property is evidence of the value of the property as it would be if it were as represented. Defendant agreed to the value of the

land as represented by him, and although plaintiff may not have proved that all the statements and representations were made, still the price agreed upon should in the absence of proof to the contrary, be accepted, in so far as defendant is concerned, as evidence of its value if it had been as represented by him. *Thompson v. Bell,* 37 Ala. 438; *Hicks v. Deemer,* 187 Ill. 164 (58 N. E. 252); *Jackson's Ex'rs v. Holliday's Adm'rs,* 3 T. B. Mon (Ky.) 363. Of the instruction defendant has no just ground of complaint. It was not incumbent, under the record here disclosed, for plaintiff to show its value with reference to each statement of condition made by defendant, for fear the jury might not believe that each and all of the representations were made. He might, until that value was challenged, rely upon the price agreed upon as the evidence of its value had it been in the condition which defendant represented it to be, no matter which one of the statements was proved. The trial court did not state this view of the case, but instructed generally as above stated, and, as the agreed price was clearly shown and undisputed, there was sufficient to take the case to the jury upon the question as to the value of the land had it been as represented. If any wrong interpretation could be given the instruction, it was a favorable one for defendant, for it would naturally reduce the damages in his favor.

III.   There was sufficient testimony to take the case to the jury and to justify the verdict returned.

IV.   There was no misconduct on the part of the jury, although complaint is made of their sending out for refreshments while deliberating upon their verdict. There was no abuse of discretion in overruling the motion for a new trial on the ground of newly discovered evidence. The testimony related to what it is claimed certain witnesses said to plaintiff regarding the land, or as to what they had heard regarding the quality and condition of the land, before plaintiff made his purchase. The trial court was justified in finding from the

7. NEW TRIAL: newly discovered evidence.

showing made that none of these witnesses made any state-
ments to plaintiff until after he, plaintiff, had made his
purchase of the property; and of course they were of no
materiality unless they came to plaintiff's knowledge before
he made his purchase.    There is no doubt about this propo-
sition, save as to one witness, and as he did. not profess to
do more than state to plaintiff what he, witness, had heard
said regarding the land, the trial court may well have con-
cluded that this testimony, even if true and admitted in the
case, would have had such a slight bearing upon the issues
that it should not grant a new trial.    In either event there
was no error in denying the motion.    The ruling is fully
justified, however, upon the theory that the trial court found,
as it undoubtedly did, that whatever statements these wit-
nesses made to plaintiff were communicated after he, plain-
tiff, had made his purchase.

We have gone over the record with care, and find no
prejudicial error.    The judgment must therefore be, and it
is, *affirmed.*