[No. 7992.]

## MITCHELL v. CROWL.

1. DAMAGE.—*Evidence as To.* Vendee of lands sues for fraudulent misrepresentations inducing his purchase. The price agreed upon is competent evidence, though not conclusive, of the value of the property if it had been as represented; and is sufficient to carry the case to the jury. (407)

2. VERDICT—*Construction.* Where, taken in connection with the record, the verdict clearly conveys the intention of the jury, it is sufficient. (408)

3. ——*Fraud and Deceit. Execution Against the Body.* Action for Deceit. Verdict for Plaintiff, declaring that "said defendant is also guilty of fraud and willful deceit", entitles plaintiff to the award of an execution against the body of defendant. (408).

*Error to El Paso District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. P. M. KISTLER, for plaintiff in error.

Messrs. CHINN & STRICKLER and Messrs. VANATTA & DOLPH, for defendant in error.

Defendant in error as plaintiff, brought suit against plaintiff in error to recover damages on the ground of fraud and deceit practiced by defendant concerning real estate received by the plaintiff from defendant, in exchange for property belonging to the plaintiff. The properties involved, and concerning which the false representations were charged to have been made are mentioned in the record as the Corona Street property in Colorado Springs, and the Holly Ranch in Prowers County. The evidence established that plaintiff was a resident of Cherryvale, Kansas, at which point the trade was made; that he had never seen the properties he received in exchange for his property; that he had previously been in Colorado Springs, at which time defendant showed him a residence in that city on North Nevada Avenue, and represented that the Corona Street house was as good as the North Nevada house, and was in as good condition as that property; that defendant represented the Corona Street property was worth sixty-five hundred dollars, and was rented for $45.00 per month; that in fact it was only rented for $15.00 per month; that it was an old house which had been moved, was very much out of repair, and was not worth to exceed three thousand dollars; that defendant represented it was incumbered by a deed of trust for the sum of twenty-five hundred dollars, drawing interest at 6%, when in fact the rate of interest was 7%. With respect to the ranch the testimony established that plaintiff represented it to be worth fourteen thousand dollars; that from one year's crop of alfalfa grown thereon he had received $23.15 per acre for his half, when in fact he had received but a little over $7.00 per acre; that in fact its actual value was from eight to twelve thousand dollars; that defendant represented it was incumbered in the sum of six thousand dollars, drawing interest at the rate of 6%, when in fact half of that amount drew 8%. It appears from the testimony that the agreed price for the properties, as the basis upon which the trade was consummated, was the respective sums which the defendant

represented them to be worth. The court instructed the jury to the effect, that if they found for the plaintiff he would be entitled to recover the difference between the value of the property as it actually was on the day of the exchange, and what its market value would have been on that day if it had been as represented by the defendant. The court also instructed the jury that if they returned a verdict for plaintiff, then they should further consider whether or not the defendant in making the representations regarding the property, of which plaintiff complained, was guilty either of fraud or willful deceit, and that if they should find from the testimony that in making such representations the defendant was guilty of either fraud or willful deceit, they should so state in their verdict. The jury rendered a verdict for plaintiff in the sum of $4,250.00, and also stated in their verdict, "we further find that the said defendant is also guilty of fraud and willful deceit in the matter." On this verdict judgment was rendered in favor of plaintiff, for the damages assessed, and also that plaintiff have execution against the body of the defendant, under which he should be committed to the county jail not exceeding six months, provided the judgment was not paid. The defendant brings the case here for review on error, and the foregoing statement is sufficient to present the two questions urged in his behalf, (1) that there was no testimony tending to prove what the properties would have been worth had they been as represented, (2) that the verdict did not justify the court in rendering a body judgment.

Mr. Justice Gabbert delivered the opinion of the court:

In an action by the vendee to recover damages based upon false and fraudulent representations respecting property purchased, the agreed price therefor is competent, but not conclusive, evidence of its value if it had been as represented by the vendor, and is sufficient to submit the case to a jury upon that question.—*Long v. Davis,* 136 Iowa, 734, 114 N. W. 197; *Page v. Parker,* 43

N. H. 363, 80 Am. Dec. 172; *Houghton v. Carpenter,* 40 Vt. 588; 20 Cyc. 146; 14 A. & E. Ency. 188.

It is urged that because the verdict relating to the fraud and deceit of defendant was in the present tense it is impossible to tell what the jury had in mind on this subject; that they may have referred to his conduct in defending the action or in giving testimony, or in his dealings with the plaintiff subsequent to the trade. In other words the verdict did not contain that statement which the statute requires as a condition precedent to vest the court with authority to award a body execution. The statute (sections 3024, 3025, R. S. 1908) provides in substance, that in actions founded upon tort, if the verdict is in favor of plaintiff, and shall state that in committing the tort complained of, the defendant was guilty of either malice, fraud, or willful deceit, the plaintiff may have an execution against the body of the defendant. The action was in tort. The court instructed the jury that if they found for plaintiff and should further find that defendant was guilty of either fraud or willful deceit, they should so state in their verdict. In these circumstances, it is clear the jury meant by their verdict that defendant was guilty of fraud and willful deceit respecting the representations of which plaintiff complained, in making the false statements he did with respect to the property which plaintiff received. When the language of a verdict in connection with the record, conveys the clear intention of the jury it is sufficient.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.