No. 9951.

THE WHITE AUTOMOBILE COMPANY v. KAMP, ET AL.

Decided January 9, 1922.

Action for goods sold and delivered.   Judgment for defendants.

*Reversed.*

1.  PLEADINGS—*Admissions—Judgment.*   Where an amount is admitted by the pleadings to be due plaintiff, it is error to find a verdict or render judgment for less than that amount.

2.  VERDICT—*Two Verdicts.*   The fact of two verdicts in an action, does not of itself disclose error; but where two verdicts are returned, one for plaintiff and the other for defendants on their cross-complaint, and they do not clearly show, in connection with the record, the intention of the jury, the cause will be remanded for a new trial.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. HENRY HOWARD, JR., for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by The White Automobile

Company against John Kamp and another to recover the sum of $512.87, as the reasonable value of goods delivered to, and services performed for, the defendants.

The complaint sets forth eight items, as those making up the amount sued for, and the date of each. One of them is for $218.50, dated July 3, 1918. The answer admits the allegations of the complaint as to the one item last above mentioned, and denies the other items.

The defendants filed a counterclaim, and, as amended, it alleged that on or about May 1, 1918, the defendants purchased from plaintiff one three ton White automobile truck and a one ton Buick automobile truck. It is further alleged, in substance, that defendants were compelled to expend the sum of $226.09 for purchasing and installing a new crank shaft for the White truck, which sum is claimed of plaintiff on the ground that it warranted the old crank shaft and that the same was defective and afterwards broke down. The sum of $150 is claimed on account of plaintiff's alleged breach of contract by not furnishing new tires for the rear wheels of this truck. The counter-claim also includes a demand for $500 as damages on account of an alleged breach of warranty in reference to the Buick truck.

The cause was tried to a jury. Two separate verdicts were returned. Omitting formal parts, the first verdict reads as follows:

"We, the jury, find the issues herein joined for the plaintiff and assess its damages at the sum of No dollars and No cents."

The other verdict is as follows:

"We, the jury, find the issues herein joined for the defendants and assess their damages at the sum of one hundred fifty dollars and no cents."

The court dismissed the complaint and entered judgment against plaintiff for $150.00. The plaintiff brings the cause here for review. Several errors are assigned as to the verdicts above mentioned.

It is seen that there is a verdict for plaintiff and a ver-

dict for defendants, but the fact of two verdicts does not, of itself, disclose error. The verdict for plaintiff may be deemed to be one upon its complaint, and the verdict for defendants a verdict upon their cross-complaint. This is the contention of defendants in error, defendants below, citing *Hauss v. Koehler,* 17 Ohio Cir. Ct. Rep. 536.

If the first verdict is for plaintiff upon its complaint, it is manifestly wrong in denying plaintiff any recovery, and the court erred in dismissing the complaint. The defendants' answer, as hereinbefore noted, expressly admits $218.50 of the plaintiff's claim, and plaintiff is entitled, in any event, to that amount. It is said in the syllabus to *Coffman v. Brown,* 7 Colo. 147, (2 Pac. 905) :

"Where an amount is acknowledged in the pleadings to be due plaintiff, it is error to find a verdict or render a judgment for a less amount than that admitted by the pleadings."

If the same verdict is to be deemed one against the plaintiff because no damages are assessed in its favor, it is manifestly wrong for the same reason as that stated above.

If the second verdict is to be deemed one for defendants on their cross-complaint only, it is warranted by the pleadings and the evidence, but the judgment remains wrong in not allowing anything to plaintiff on its complaint, for reasons hereinbefore stated.

The defendants in error invoke the rule followed in *Mitchell v. Crowl,* 57 Colo. 405, 140 Pac. 793, to the effect that where the verdict, taken in connection with the record, clearly shows the intention of the jury, it is sufficient. This rule can only aid the defendants in case the second verdict, which was for $150 in favor of defendants, covers all the issues of the case, but the record does not clearly, or at all, show that such was the intention of the jury. The second verdict seems to be upon the cross-complaint alone, and therefore does not determine the amount of plaintiff's recovery on its complaint. The record does not show that the jury intended by the second verdict alone, or by the two verdicts together, to find that each party estab-

lished some claim against the other and that the defendants' claim exceeds that of the plaintiff by the sum of $150. If the two verdicts are to be taken as one verdict, then they are void for uncertainty, and it was error to render judgment thereon. If the verdicts are to be taken separately, then the first is wrong for reasons stated in an earlier part of this opinion, and it was error to dismiss the complaint, and deny plaintiff any recovery under its complaint.

The judgment is reversed, and the cause remanded for new trial.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.