BRIGHT B. FIXEN *vs.* JOHN D. BLAKE.

December 21, 1891.

Action for Deceit—Measure of Damages.—The rule applied that, in an action for damages for deceit, the measure of damages is the difference between the value of what the plaintiff parted with and the value of what he got in the transaction.

Same—Excessive Damages.—Damages *held* excessive under this rule.

Plaintiff brought this action in the district court for Hennepin county, alleging that, being a resident of Albert Lea in this state, and having at that place a stock of furniture which he wished to exchange for real estate in Minneapolis, he employed one Edgar A. Twitchell, a real-estate broker in that city, to negotiate such exchange; that he was ignorant of the value of Minneapolis property, and relied wholly on the knowledge and advice of his agent; that defendant, knowing these facts and being the owner of two lots in Minneapolis worth no more than $750 each, colluded and agreed with Twitchell to defraud plaintiff by means of false representations to be made by Twitchell that the lots were each worth $3,600 in cash, and that the defendant would exchange them at that price, taking $3,600 in furniture, the remainder of the price to be secured by notes and mortgages upon the lots, and that the lots would soon be worth $4,000 each, and that the exchange would be advantageous to plaintiff; that as part of the scheme it was agreed between defendant and Twitchell, the agent, that if the exchange was effected on these terms, defend-

ant should give Twitchell about $2,500 worth of furniture. The complaint further alleges that these representations were made to him by Twitchell as agreed between the latter and the defendant, and that he wholly relied upon them in making the exchange, knowing nothing of the lots or their value, all of which was well known to defendant; that the transaction was completed on these terms by delivery of the deeds and of the notes, mortgages, and furniture, and the defendant thereupon transferred the furniture to Twitchell, pursuant to the agreement, and without other consideration, and sold and transferred the notes and mortgages to innocent purchasers, so that the plaintiff has been compelled to pay them. Damages are alleged at $6,200, for which sum, with interest from the date of the completion of the exchange, April 1, 1887, judgment is demanded. The answer puts in issue the fraud and defendant's knowledge of Twitchell's agency for plaintiff, and alleges that defendant had contracted to sell the lots to Twitchell for $1,800 each, the whole price to be secured by notes and mortgages upon the lots; and that the transaction with plaintiff was entered into by defendant wholly on Twitchell's representation that he had resold the lots to plaintiff for $6,500, $3,600 to be secured on the lots as in the contract between Twitchell and defendant, and the balance, $2,900, to be paid in furniture, and that it would save trouble and expense if but one set of deeds, etc., should be made and made directly between defendant and plaintiff. At the trial, before *Lochren,* J., there was conflicting evidence as to defendant's relation with Twitchell and his connection with the fraud perpetrated by the latter on the plaintiff, and as to the value of the lots and of the furniture transferred. It appeared that plaintiff had sold and conveyed the lots to purchasers who had paid the notes and mortgages to the persons to whom the defendant had transferred them. The plaintiff had a verdict for $4,262.50, and the defendant appeals from an order refusing a new trial.

*J. B. McArthur,* for appellant.

*Albert F. Foster,* for respondent.

Gilfillan, C. J. The evidence shows, and it seems to be conceded, that the plaintiff's agent committed a fraud upon him by inducing him to believe that the lots which defendant offered in exchange for

plaintiff's stock of furniture were of much greater value than their real value, and the evidence was also such as to justify the jury in finding that the defendant was a party to the fraud, and colluded with the agent to perpetrate it. But we do not find in the evidence any theory of the facts that will justify the amount of the verdict. The action is in the nature of one for deceit,—for fraudulent false representations. In such cases the rule is well established in this court that the measure of damages is the difference between the value of what the plaintiff was fraudulently induced to part with and the value of what he got. It is only where he sues upon the contract, affirming its validity,—as where he sues upon a warranty,— that the value of the property obtained by plaintiff, as such value would be if the property were as represented or warranted, affects the measure of damages. What plaintiff got in the transaction was the lots; what he parted with was his stock of furniture and his notes secured by mortgage on the lots. The plaintiff did not pay these notes; they were paid by one to whom he conveyed the lots. It does not appear that any liability against plaintiff to his grantee accrued by reason of such payment. So that, as on the evidence it is to be taken that the lots paid the notes, the plaintiff's damages are confined to the value of the stock of furniture. The damages allowed by the jury are considerably in excess of the highest value, estimating by wholesale or retail values, which the evidence most favorable to plaintiff puts on the furniture, and the interest on such highest value.

In view of another trial, we will say that as in the transaction the stock of furniture was sold, not piece by piece, but as an entirety, the question is, what was its value, disposed of in that way,—that is, at wholesale? We will further say that the price for the furniture agreed on in the transaction is no more binding than the price agreed on for the lots. The plaintiff repudiates the agreement so far as the price of the lots is concerned. He may repudiate it altogether, but he cannot repudiate a part and insist that the remainder shall be binding. No other assignment of error need be referred to.

Order reversed.

NOTE. A motion for a reargument of this case was denied January 6, 1892.