SAMUEL H. DAVIS et al. vs. FANNY G. JACOBY.

Submitted on briefs June 27, 1893. Affirmed July 13, 1893.

**Agreement as to What the Law is.**

Where parties consent to try their cause below on a particular theory of what the law of the case is, though it be erroneous, they cannot complain, if the result be correct according to that theory.

**Verdict Sustained by the Evidence.**

Evidence *held* to sustain the verdict.

**Immaterial Errors.**

Various assignments of error, of no general interest, disposed of.

Appeal by plaintiffs, Samuel H. Davis and others, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made December 10, 1892, denying their motion for a new trial.

On May 15, 1890, the plaintiffs Samuel H. Davis and the other joint owners leased to the defendant, Fanny G. Jacoby, lots five (5) and six (6) in block three (3) in Excelsior Addition to Minneapolis for two years from and after July 1, 1891, for a coal and wood yard. She was to pay $450 rent per year, quarterly in advance. Elliott, Phelps & Co. were then tenants in possession under a prior lease from plaintiffs made in July, 1888, to expire in July, 1891. Plaintiffs claim that when the defendant's term was to commence they offered her the keys and the possession of the premises and demand the first quarter's rent, $112.50; that she failed to pay or to take possession; that plaintiffs then notified her that they would lease the property to others for such rent as they could reasonably obtain and hold her for any deficiency. They sued her for the first quarter's rent, and she paid it August 25, 1891, and that action was dismissed. Plaintiffs leased the property on August

1, 1891, to Elliott, Phelps & Co. for $25 a month. They brought this action to recover the deficiency of $150 for the year ending October 1, 1892. The defendant claimed that she duly demanded possession of the property in July, 1891, but was unable to obtain it; that plaintiffs and their tenants refused to allow her to enter or take possession; that she paid the first quarter's rent, but had never had possession of the property. On the trial the parties litigated the question whether or not she was prevented by the prior tenants from obtaining peaceable possession of the property, and on it went to the jury. The court charged, without objection from either side, that if defendant made demand on the plaintiffs for possession of the property and it was not delivered to her, the plaintiffs could not recover. The jury found for the defendant. A case was made containing all the evidence and the charge of the Judge and plaintiffs' exceptions. On it and the pleadings, verdict and files, they moved for a new trial, but were denied, and they appeal.

*Welch, Botkin & Welch*, for appellants.

There is no implied covenant in a lease that the lessor will put the tenant in possession of the leased premises. 12 Am. & Eng. Encyc. of Law, 1015; Wood, Landlord & T. 927.

*S. Meyers*, for respondent.

Plaintiffs contend that if possession is withheld by a stranger, the tenant must take measures to obtain possession. The decisions are not uniform on this point. In England and some of the states in this country, a landlord is bound to put his tenant in possession. On the trial both parties assumed this to be the law in this State, and the charge to the jury was in accord with it. Yet plaintiffs did not except, and they cannot now contend to the contrary.

GILFILLAN, C. J. Action for rent. Plaintiffs owned a wood and coal yard in Minneapolis, and May 15, 1890, rented the same to defendant for two years, to commence July 1, 1891, at the rent of $450 per year, quarterly in advance. The defendant paid the first quarter's rent, and the action is for the succeeding four quarters' rent. A tenant of plaintiffs, whose term, as we infer, expired

when defendant's term commenced, appears to have continued in possession after that term. The cause was tried below on the theory that it was the plaintiffs' duty to put defendant in possession, and if, by reason of such possession by the former tenant, defendant was unable to get actual possession, she was absolved from the obligation to pay rent, and might abandon the lease. The court, without objection from either party, submitted the case to the jury upon that theory, and the evidence introduced on both sides shows such to have been the theory in the minds of both parties through the trial. The only request by plaintiffs for instructions to the jury was based on such theory. When parties consent to try their case upon a certain theory of what the law is, though it be erroneous, they cannot complain at the result, if it be correct according to that theory. So we need not inquire whether the theory was right or wrong, but only whether there was any error, assuming it to have been right.

On the question whether the former tenant continued in possession by consent of defendant, or without such consent, and whether such possession excluded defendant from such beneficial possession as, under the lease, she was entitled to have, the evidence made a fair case for the jury; and we must assume that those facts were found in favor of the defendant, and, according to the theory of law on which the case was tried, such being the facts, she had a right to abandon the lease. The fact that she tried, ineffectually, to get possession from the former tenant, and tried, unsuccessfully, to rent the premises to him, and that pending such effort, and before she knew that plaintiffs had re-rented the premises to such former tenants, she paid to them the first quarter's rent, was not a waiver of her right to be put in possession by them, (assuming it to have been their duty to put her in possession,) nor could any estoppel to assert that right against them be based on those facts.

The defendant, against plaintiffs' objection, was permitted to prove that about the time her term commenced she rented the premises to another at $600 a year, and that her lessee, finding that he could not get possession, threw up his lease. As plaintiffs' theory was that, because defendant unjustifiably refused to abide by her lease, they had a right to rent the premises for such rent

as, with reasonable diligence, they could get, and hold defendant for the difference, it was competent for defendant to prove that they could have been rented for more than plaintiffs re-rented them at, ($25 per month,) though not to prove the terms of a particular contract. But, though the evidence may have been strictly inadmissible, we do not see how it could have influenced the minds of the jury upon the question of fact on which the case was tried, on which, exclusively, it was submitted by the court to the jury, and on which, we must presume, they decided it, and consequently, if error, it was not prejudicial. We do not see anything worth mention in any assignment of error not covered by this opinion.

Order affirmed.

(Opinion published 55 N. W. Rep. 908.)