# STATE v. RAY MADDAUS.[1]

### June 22, 1917.

### Nos. 20,292—(8).

**Larceny—conviction sustained.**

Defendant was convicted of the larceny of an automobile. It is *held*:

(1) The evidence sustains the verdict. Defendant exercised sufficient control and dominion over the thing taken, and there was a sufficient carrying away or asportation, to constitute larceny.

(2) The evidence of an intent to steal was sufficient to warrant a conviction of larceny.

(3) There was no misconduct of counsel for the state.

(4) There was no prejudicial error in the charge to the jury.

Defendant was indicted by the grand jury for the crime of larceny, tried in the district court for Hennepin county before Jelley, J., and a jury which found defendant guilty as charged in the indictment. From the order denying his motion for a new trial, defendant appealed. Affirmed.

*Louis L. Schwartz* and *Robertson & Bonner,* for appellant.

*Lyndon A. Smith,* Attorney General, *John M. Rees,* County Attorney, and *Walter H. Newton,* Assistant County Attorney, for respondent.

BUNN, J.

Defendant was found guilty of grand larceny in the second degree and appeals from the judgment of conviction and from an order refusing a new trial.

1. The first claim of defendant on this appeal is that the evidence was insufficient to sustain the verdict of guilty. The evidence produced by the state tended to show the following facts: William Buchholtz, on July 26, 1916, owned a Ford automobile. He drove it to his place of employment, on Second avenue south between Tenth and Eleventh streets, in Minneapolis, on the morning of that day and left it parked

[1]Reported in 163 N. W. 507.

across the street. He placed a chain around the right front wheel and axle, and locked it with a padlock. He also locked the gas tank and the ignition. At about 6 o'clock in the afternoon a fellow workman of plaintiff saw "one young man sitting at the wheel on the seat and one young fellow was cranking it." He called Buchholtz, who arrived at a window in time to see the two young men seated in the car and driving it towards Tenth street, where the car turned to the left, climbed the curb on the far side of Tenth street and stopped. The two young men, one of whom was the defendant, jumped from the car, and ran in different directions. Defendant was finally captured some 6 blocks away as he was climbing into a moving van. This was in substance the state's case. Defendant admitted that he cranked the car, took his seat beside his companion, who was at the wheel, the subsequent course of the car, his own flight and capture as shown by the state's evidence. His explanation was that he was invited by the other young man, a stranger whom he met on the street some distance away, to take a ride in his car, that the two walked to where Buchholtz's car was parked, and that he cranked it at the stranger's request.

Defendant insists that he never exercised complete control or dominion over the thing taken, and that there was no asportation of the automobile. We do not sustain either of these contentions. The control or dominion over the automobile did not last long, but we do not see why it was not complete and absolute for a time. We have considered the authorities referred to by counsel. We think the case is within the rule stated in 2 Wharton, Criminal Law (11th ed.) § 1161: "To take a thing from a person it is necessary that the taker should at some particular moment have adverse possession of the thing. But this independent, absolute control need endure only for an instant." The point that there was no "carrying away" or asportation of the car, is based on the idea that defendant and his companion were unable to get farther than they did because of the locked gas feed. They unlocked the ignition with a key they had, and the lock on the chain broke as they started. The car ran a distance of at least 150 feet before it mounted the curb, and the evidence fails to show why it behaved thus. But clearly the car was moved a sufficient distance to constitute larceny.

2. Defendant argues that evidence of an intent to steal was lacking,

or at least insufficient to warrant a conviction. We do not concur in this. The evidence of the taking, and of the flight of defendant, tended to show guilt. His explanation was not very satisfactory, and the jury was clearly justified in discrediting his story.

3. Misconduct of the county attorney is claimed. It was admitted that defendant had been connected with other boys in a larceny of carpenter's tools; sentenced to a school at Glen Lake from which he escaped and was sent to the Red Wing school. We see no misconduct either in asking of defendant's character witnesses whether they had ever heard of defendant's having been connected with burglary, or in saying to the jury in the closing argument that defendant was "a Red Wing boy."

4. It is claimed that there were errors in the charge that demand a reversal. We will notice here the more important of these alleged errors. We see nothing erroneous in the court's saying to the jury that it made no difference what the attorneys in the case believed as to the defendant's guilt or innocence. The instruction is not fairly subject to the criticism that it told the jury to disregard the arguments of counsel. In connection with this instruction the court said to the jury that "it is not for you to say because what this defendant has been doing for the last two or three years, or at any other time, that he, therefore, is not guilty of this crime. That has nothing to do with this case." The complaint is that this was equivalent to telling the jury that they should not consider the character evidence offered by defendant. We do not think it could be so understood. The court evidently referred to the evidence as to what defendant's occupation had been. While we see no necessity for such an instruction and do not approve it, we cannot sustain the claim that there was prejudicial error in giving it. The cases relied on, State v. Sauer, 38 Minn. 438, 38 N. W. 355; State v. Ames, 90 Minn. 183, 96 N. W. 330; State v. Hutchison, 121 Minn. 405, 141 N. W. 483, are not in point.

The court, after stating in its charge that it was admitted or undisputed that defendant ran down Second avenue south and turned to the right on Ninth or Eighth street, pursued by several men, said that "defendant admits that he was the man who * * * ran away * * * he admits all these things." The claim is that this was a misstatement of the

facts, that defendant did not admit that he ran away, pursued by several men. We think defendant's evidence will fairly bear no other construction than that given it by the trial court. Nor do we find any merit in the argument that this was singling out a special circumstance and giving it undue weight, as bearing upon defendant's guilt.

Other portions of the charge are assigned as errors, but we consider it unnecessary to say more than that we have considered all the points made, and do not sustain any of them. As the trial court said, the only real question in the case was whether defendant acted with an intent to steal. There was no controversy over what he did. It seems to us that there was a fair trial without any error that could have affected the result.

Judgment and order affirmed.