### No. 24,938.

J. A. CRAMER, *Appellee*, v. JOHN F. OVERFIELD, *Appellant*.

#### SYLLABUS BY THE COURT.

SALE—*Corporate Stock—Effected by False Representations—Stock Worthless When Sold—Measure of Damages.* The court adheres to its prior decisions where the sale of corporate stock is effected by false pretenses the price paid is some evidence of what the value would have been if the representations had been true; and that where the stock so sold was at the time worthless the amount paid therefor may be recovered as damages for the fraud. And it is further held that the intrinsic and not the market value of the stock sold is what controls; that its value at the time of the sale may be arrived at by the aid of subsequent developments; and that in the present case there was evidence to support a finding that the stock was worthless when the contract of sale was made.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion denying a rehearing filed March 8, 1924. (For original opinion of affirmance see *ante*, p. 192.)

*T. H. Stanford, L. G. Seacat,* and *Charles Seacat,* all of Independence, for the appellant.

*W. N. Brooks, O. L. O'Brien,* and *Walter McVey,* all of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: The defendant sold to the plaintiff stock in an oil company. It is conceded to have been worthless when the time arrived within which it was to be delivered. No delivery was in fact made, and none is contemplated. The plaintiff sued the defendant for the amount he had paid, on the ground that he had been induced to make the purchase by the fraudulent representation that this corporation had been merged with another—a home company with which he had some familiarity and which was well known in

the county, had some good property and had made about 65,000 barrels the year of the sale—a representation which was obviously material if it was an inducement to the contract.    (12 R. C. L. 299.) On a verdict against the defendant judgment was rendered, which was affirmed on appeal.    (*Cramer v. Overfield,* 115 Kan. 197, 222 Pac. 85.)    The defendant has filed a motion for a rehearing, urging anew that the evidence was insufficient to support the judgment in that it failed to show that the plaintiff suffered any damage from the deception he claims was practiced upon him—specifically because (1) no showing was made that the stock would have been worth anything more than it was if in fact the new and old corporations had been merged, or (2) that the stock was worthless at the time the contract for its purchase was made.

In rearguing this question the defendant cites among others these cases in support of the propositions that (1) where the sale of property is effected by false representations the buyer cannot recover damages on that account unless the property was rendered less valuable by the absence of the fact falsely represented to exist, and that (2) if recovery is had it must be based upon the value of the property at the time of the sale and not at some subsequent period: *Fisher v. Seitz,* 172 Mo. App. 162; *Morgan v. Hodge,* 145 Wis. 143; *Sather v. Home Security Savings Bank,* 49 Wash. 672; *Tockerson v. Chapin,* 52 N. Y. Super. Ct. 16; *Martin v. Clark,* 46 N. Y. S. 616; *Squier v. Plunkett,* 77 Mass. 11.    The first of these doctrines has been applied where the misrepresentation relied upon is one which cannot affect the actual worth of the property, although capable of influencing the buyer's opinion of its value; where for instance the seller falsely represents that persons regarded as shrewd investors have already made purchases.    Some courts place in this category the false statement that the seller had himself paid a certain sum for what he is selling, although the prevailing view is to the contrary.    (Note 35 L. R. A., n. s., 175; 12 R. C. L. 284, 300.)    The theory upon which damages are denied where the representations cannot affect the real value is that rescission is the sole remedy in that situation.    Where the property received is without value and there is nothing to be returned there is little practical difference between the buyer's suing for the return of his money and suing for damages for the seller's having procured it of him by fraud.    (See *Gillies v. Linscott,* 94 Kan. 217, 218, 146 Pac. 327.)    The buyer receives an article different in some respects from what he supposed

he was getting and different from what he wanted. He is induced by the wrongful act of the seller to part with his money upon a risk which he would not otherwise undertake, whereby he suffers injury to the amount of his payment. The present case, however, is not one where the representation relied upon did not directly affect the value. A corporation may obviously become stronger through a merger with another company, and here the plaintiff testified that the defendant had told him that because of the merger the stock he was selling was worth more than it had been. In this matter as in the other questions of fact involved the decision reached in the trial court is of course conclusive here.

The doctrine referred to—that recovery of damages cannot be had for false representations not directly affecting value—might result from the application as an exclusive test, and by the usual methods of proof, of the ordinary rule that the person misled into buying property is entitled to recover the difference between what it is actually worth and what it would have been worth if it had been as represented. The defendant's assertion that no showing was made that the oil stock would have been worth any more if the two companies had been consolidated is further met by the rule which this court has adopted—as was indicated in the original opinion—that the fact of a certain sum having been paid for property the sale of which is brought about by false representations is at least some evidence that it would have been worth that amount if the representations had been true. (*Epp v. Hinton*, 91 Kan. 513, 138 Pac. 576; *Meyers v. Woolsey*, 103 Kan. 362, 175 Pac. 162; *Trapp v. Refining Co.*, 114 Kan. 618, 220 Pac. 249.) This departure from the usual method of proving value is not one of which a person found to have effected a sale of the property by false representations concerning it can with good grace complain in an action for the redress of the fraud.

This court has also held (see case last cited) that where an article, the sale of which is accomplished by false pretenses, is without value the amount paid may be recovered as damages. We think the evidence justified a finding that the stock was worthless at all times. The fact may have been otherwise, but that was for the jury and trial court to determine. The defendant testified that he and his associates put their shale proposition into the corporation for shares divided among the owners, the stock being left in escrow for two years (to give an opportunity for the sale of treasury stock), to be

released earlier if a million shares of treasury stock were sold in less time; that "the company blew up entirely." It is the intrinsic and not the market value of the stock which controls, and its value at the time of sale may be arrived at by the aid of subsequent developments. In an English case which is often cited in this connection the scope of the decision is indicated by a headnote reading:

"*Held,* also, that the amount of damages to be recovered by the plaintiff was the difference between the price paid by him for the shares and the real value of the shares at the time of allotment; and that such value must be ascertained not by the market value of the shares at the time, but by the light of subsequent events, including the result of the winding-up of the company." (*Peek v. Derry,* 37 Ch. Div. 541. See, also, *Hindman v. First Nat. Bank,* 112 Fed. 931; *Smith v. Bolles,* 132 U. S. 125; *Whiting v. Price,* 172 Mass. 240; *Smith v. Duffy,* 57 N. J. L. 679; *Shwab v. Walters,* 251 S. W. 42 [Tenn.].)

The motion for a rehearing is overruled.