STATE v. WALTER McCARTHY AND ANOTHER.[1]

April 4, 1924.

No. 23,908.

**An instruction not objected to at the trial or on appeal becomes law of the case.**

An instruction not objected to or challenged on appeal, that under chapter 416, Laws 1923, prohibiting the sale of intoxicating liquor, no person can give liquor to another, became the law of the case. Applying the law as defined in the instruction, it is *held* that the evidence warranted the jury in finding the defendants guilty of an unlawful sale of intoxicating liquor.

Defendants were indicted by the grand jury of Chisago county charged with the crime of unlawfully selling intoxicating liquor, tried in the district court for that county before Searles, J., who at the close of the testimony denied their motion for a directed verdict, and a jury which found them guilty as charged in the indictment. From the judgment and verdict, defendants appealed. Affirmed.

*George H. Gerlich, Jr.,* for appellants.

*Clifford L. Hilton,* Attorney General, and *S. Bernhard Wennerberg,* County Attorney, for respondent.

LEES, C.

To an indictment charging them with the unlawful sale, on August 27, 1923, of one-fifth of a pint of intoxicating liquor to Harriet Lazelle, the defendants entered a plea of not guilty. They were tried, convicted, and have appealed from the judgment of conviction.

They seek to reverse the judgment on the ground that the verdict was not justified by the evidence in that it was not shown that they owned the liquor furnished to the woman or that there was a sale, giving to that word the meaning ascribed to it by section 1, chapter 416, p. 587, Laws 1923.

[1]Reported in 197 N. W. 961.

Defendants resided in the village of Rush City, where the alleged sale was made. In the evening of August 27, they were in a restaurant when Harriet Lazelle and George Parker came in. There is evidence to the effect that the woman was sober at that time, and there is evidence to the contrary. She testified that she was returning with Parker from a trip to Duluth, that he had procured a bottle of liquor somewhere on the road, from which she had been drinking, and that when she reached Rush City she was somewhat "dizzy and dopy." Parker was an acquaintance of the defendant Phillips. The two men engaged in conversation and after a time someone proposed a drive in the car of the defendant McCarthy. The four persons mentioned started on the drive, having no destination in mind, and finally returned to Rush City at about 1:30 o'clock in the morning. They agree that there was a jug of moonshine whiskey in McCarthy's car. There is a dispute as to where it came from. The defendants claim it belonged to Parker and that he brought it from his car and put it in McCarthy's. There was evidence warranting the jury in finding that the jug was already in McCarthy's car when the party came out of the restaurant to start on the drive, in the course of which all the liquor was imbibed. The woman testified that she took 3 or 4 drinks and that each of the men on at least one occasion held the jug to her lips so she could drink from it. The testimony was that when the party returned to Rush City the woman was "dead drunk" and had to be lifted from McCarthy's to Parker's car. She and Parker then started for St. Paul, but for some reason turned back to Rush City, spending the remainder of the night there. Either that night or in the morning she and Parker were arrested on a drunk and disorderly charge. When brought before a justice of the peace to answer the charge, the woman said that McCarthy and Phillips had furnished the liquor she drank while in McCarthy's car, and she or Parker told the justice that they had obtained another jug of moonshine and hidden it under the sidewalk at a place where it was found by the village marshal and confiscated.

If it was necessary to prove defendants' ownership of the jug of liquor from which the woman drank—a question upon which we

express no opinion—there was evidence enough to justify the jury in finding that the liquor belonged to them. They testified that it was furnished by Parker, but the woman said Parker had a bottle, not a jug of liquor, in his car. Where and from whom Parker obtained the jug he hid under the sidewalk is not explained. There is room for the inference that he obtained it from or by the aid of the defendants, and for the further inference that defendants, who had been going about in McCarthy's car during the evening, were in the possession of the jug in his car and had it there before the drinking party set out on their drive. Possession is of itself persuasive evidence of ownership. Woollen & Thornton, Intox. Liq. § 952; 33 C. J. p. 752.

Chapter 416, p. 586, Laws 1923, prohibits the manufacture, sale or transportation of intoxicating liquor, and section 1 defines the sale as including "all barters, gifts and all means of furnishing liquor in violation or evasion of law.

The jury were instructed that "no person under our statute now can treat or give liquor to another person. The statute does not prohibit a person drinking it for himself, but he has got to keep it out of their hands himself. He can't treat another any more than he can sell it for money."

No exception was taken to this instruction and it is not challenged on this appeal. It is doubtful whether this view of the statute is correct. While it is well settled that no artifice or subterfuge intended to evade the terms of the law will be countenanced, no matter what the disguise or pretence may be, many courts have held in well considered cases that laws regulating or prohibiting the sale of intoxicating liquor are aimed at the traffic in liquor rather than at friendly acts of hospitality with no intent to evade or escape the law. 2 Woollen & Thornton, Intox. Liquor, § 696; 33 C. J. p. 593.

But the failure to take an exception makes the instruction the law of the case, for even in criminal prosecutions the accused must preserve his rights by making a proper record. State v. Sailor, 130 Minn. 84, 153 N. W. 271; State v. Rutledge, 142 Minn. 117, 171 N. W. 275.

The sufficiency of the evidence to sustain the conviction must, therefore, be considered in the light of the instruction in question, whether it was right or wrong. 1 Dunnell, Minn. Dig. § 404. There was proof that defendants "treated" the woman to intoxicating liquor, furnished by them for the use of the entire party, and that they actively assisted her in drinking it. There is no direct proof that they were paid for it or that they were trafficing in intoxicating liquor, but such proof is not necessary to a conviction. The woman was not a good witness for the state. Either she had no clear recollection of what happened or she was trying to shield the defendants. Her veracity and the weight to be given to her testimony was a matter for the consideration of the jury. Under the court's instructions, there was sufficient evidence to warrant a conviction.

There is complaint about certain statements made by the trial judge while the evidence was being introduced. We find nothing improper in them and they could not possibly prejudice the defendants.

Order affirmed.