LaMotte, Appellant, vs. Retail Hardware Mutual Fire Insurance Company of Minnesota, Respondent.

*November 12—December 9, 1930.*

The cause was submitted for the appellant on the brief of *Winter & Winter* of Shawano, and for the respondent on that of *Fisher, Cashin & Reinholdt* of Stevens Point.

NELSON, J. The plaintiff contends that the trial court erred in changing the answers of the jury to the questions submitted. Although both assignments of error are argued in the briefs of counsel, we find it unnecessary to discuss the question as to whether there was evidence to support the

finding of the jury that Joe LaMotte was not a member of the plaintiff's household at the time of the alleged theft, in view of our conclusion that the trial court was clearly right in changing the answer of the jury to the first question submitted. If Joe, or his companion Beauprey, did not steal the plaintiff's car (and the evidence seems to leave no question of doubt in that respect), then whether or not Joe was a member of plaintiff's household at the time of the alleged theft is of no material importance.

That the trial court was clearly right in changing the answer of the jury to the first question and in rendering judgment for the defendant notwithstanding the verdict, seems too clear for serious dispute. Numerous decisions involving theft provisions in automobile policies, identically or substantially identical with the provision involved in this action, have been cited, and it appears that the holding of the courts therein has been entirely uniform.

The law is well settled that in actions of this kind no recovery can be had under a theft provision of an automobile policy unless it be affirmatively shown that the wrongdoer, at the time of taking the car or at some time thereafter, had an intent to steal the car; that is to say, had an intent to wholly or permanently deprive the owner of his automobile. It is also well settled that if at the time of the taking there was present in the mind of the wrongdoer an intent to return the automobile to its owner, in good condition and within a reasonable time, no recovery can be had. The following cases clearly establish the law applicable to the situation in this action: *Valley M. Co. v. St. Paul F. & M. Ins. Co.* 49 Mont. 430, 143 Pac. 559, L. R. A. 1915 B, 327, 39 Ann. Cas. 1126; *Michigan Comm. Ins. Co. v. Wills,* 57 Ind. App. 256, 106 N. E. 725; *Hartford Fire Ins. Co. v. Wimbish,* 12 Ga. App. 712, 78 S. E. 265; *Stuht v. Maryland M. C. Ins. Co.* 90 Wash. 576, 156 Pac. 557; *Federal Ins. Co. v. Heiter,* 164 Ky. 743, 176 S. W. 210, L. R. A. 1915 E, 575; *Bird v. St. Paul F. & M. Ins. Co.* 218 Mich.

266, 187 N. W. 265; *Rush v. Boston Ins. Co.* 88 Misc. 48, 150 N. Y. Supp. 457; *Repp v. American F. M. A. Ins. Co.* 179 Minn. 167, 228 N. W. 605; *Van Vechten v. American Eagle Fire Ins. Co.* 239 N. Y. 303, 146 N. E. 432, 38 A. L. R. 1115.

The case of *Hartford Fire Ins. Co. v. Wimbish, supra,* has been uniformly approved by the courts. In this case it was stated:

"One cannot be convicted of either theft, robbery, or pilferage unless he had the intent to steal. And we know of no authority for giving any different meaning to these words in a contract of insurance wherein it is stipulated that the company will be liable for loss or damage to an automobile, resulting from theft, robbery, or pilferage. Under this contract, if the thief carries away a machine with intent to steal it, and it is never recovered and loss occurs, the owner may recover the full value of the automobile. If the thief be apprehended and the machine recovered, then the owner is entitled to recover for whatever damage has been done the machine, if it exceeds $25. But in both cases it must appear that the person taking the machine intended to steal it. If he had the *animo revertendi* he is not guilty of theft, or robbery, or pilferage, even though he took the machine without the owner's consent" (12 Ga. App. 714, 78 S. E. 266).

The law laid down in *Hartford Fire Ins. Co. v. Wimbish,* just quoted, was entirely approved in *Stuht v. Maryland M. C. Ins. Co., supra* (90 Wash. 578, 156 Pac. 558). In *Repp v. American F. M. A. Ins. Co., supra,* it is stated:

"The general rule is that to constitute a theft within an insurance policy such as that before us, there must be present a criminal intent to deprive the owner of his property permanently. Robbery and pilferage are to be considered as used in their ordinary sense." (Citing many cases.)

In *Michigan Comm. Ins. Co. v. Wills, supra,* the law laid down in *Hartford Fire Ins. Co. v. Wimbish, supra,* was specifically approved. From all of the cases cited and in

numerous authorities cited therein we conclude that there is no chance for reasonable controversy as to what the law is in cases of this kind. It is equally clear that in the instant case there were no facts justifying the inference of theft. The undisputed facts negative the idea of a theft of the car. The undisputed facts show that Joe was practically a member of his aunt's family, at least that he kept his bed and trunk there and was at all times welcome there when not employed; that he came to what was his only home to visit on the day preceding the taking of the car; that he met some girls and talked to them about going for a joy ride; that he and Beauprey talked about taking the girls out for a ride and Beauprey suggested that Joe take his aunt's car for the purpose of the ride; that the two young men did take the girls for a ride and that they were all returning towards home when the car was wrecked; that the car was damaged because of the rain and slippery condition of the road and that the car was actually brought home, or caused to be brought home, and placed in the owner's possession.

There are no facts or circumstances which in any way counteract the undisputed facts just stated. These facts clearly negative any idea of an intent to steal or of an intent to deprive the owner wholly or permanently of her car. Both Beauprey and Joe testified that they did not intend to steal the car but simply took it for the purpose of the ride with the girls. The simple fact that the car was being unlawfully used without the owner's consent does not alter our conclusion. There was no evidence justifying the finding of the jury that Joe took and drove the plaintiff's automobile away with intent permanently to deprive her of the ownership of it. A jury cannot be allowed to speculate and conjecture on the subject of an intent not borne out or supported by the facts.

Applying the established law to the evidence in this case, it conclusively appears that the plaintiff was not entitled to

recover. The direction of judgment, notwithstanding the verdict, was clearly right. There is nothing in the record to justify the finding of an intent on the part of either Joe or Beauprey to steal the auto or that they, or either of them, did not intend to return the auto unharmed at the conclusion of the "joy ride." No other conclusion can fairly be inferred from the proven facts. We are not unmindful of the established rule that if an intent to steal can be fairly inferred from the proven circumstances, neither the trial court nor the appellate court may properly disturb the verdict.

The provision of the policy of insurance covered only "damage caused by theft, robbery, or pilferage." It clearly did not cover damage caused by the driving of the car "without the owner's consent."

As before stated, the action of the trial court in changing the answer of the jury to the first question submitted was clearly right and it is unnecessary to discuss the alleged error involved in the changing of the second question from "No" to "Yes."

*By the Court.*—Judgment affirmed.