# INVESTMENT ASSOCIATES, INC. v. HOME PLANNERS COMPANY AND OTHERS.[1]

December 30, 1932.

No. 29,127.

*Norton & Norton,* for appellants.

*Thompson, Hessian & Fletcher,* for respondent.

[1]Reported in 246 N. W. 364.

WILSON, C. J.

Defendants appealed from a judgment.

The case involves two causes of action. Plaintiff purchased from defendant Home Planners Company two contracts for deed on two houses and lots in Minneapolis. It took deeds from said company conveying to it the legal titles, together with assignments of each contract for deed respectively. Each transaction constitutes a separate cause of action. Plaintiff sued in rescission. The court found fraud and that plaintiff was not entitled to rescind because by its conduct it had affirmed the contract after discovering fraud. Plaintiff's only remedy was to recover damages. The parties stipulated to try the question of damages. The pleadings were appropriately amended for that purpose.

In the sale in each case the purchase price was $6,500, but each property carried a mortgage for $3,100 and the contract recited a cash payment of $800 which the seller represented to have been paid in cash. The fact was that the $800 was not paid in cash, but only $100 thereof had been paid in cash in one transaction and $50 thereof paid in cash in the other. Notes were given for the balance in each case secured by chattel mortgage on household goods. In one case an automobile was included in the chattel mortgage.

The amended complaint alleged that if one of the contracts had been as represented it would have been worth $1,900, the amount paid therefor; but as it was, since the $800 was not paid in cash, the contract was not worth in the market over $500, and plaintiff was damaged in the sum of $1,500. Perhaps this should have been $1,400. As to the other it was claimed that had it been as represented it would have been worth and of the value of $1,880, the amount paid therefor; but as it was it was not worth in the market over $450, and plaintiff alleged damages in the sum of $1,430.

In other words, plaintiff alleged its damages to be the difference between the value represented and the market value as it actually was. The court found plaintiff's damages in one case to be $250 and in the other case to be $295.

When the complaint was amended it specifically pleaded the damages as stated. The defendants knew this. They made no objection. They stood on a general denial, which alone did not commit them to any theory of the plaintiff. The case proceeded. When plaintiff rested, defendants moved to dismiss but did not mention the particular point now urged. The motion was denied. Defendants rested without making any proof of damages. Defendants did not in any objection point out the question now raised and did not assert that plaintiff was not proceeding upon the true rule as to the measure of damages.

Near the close of the trial, however, plaintiff attempted to show receipts and disbursements as to these properties so as to show that it had not made any profit. To this defendants objected as incompetent, immaterial, and irrelevant. The court sustained the objection and stated:

"I don't see how it has any value. The question is the difference between the value of these contracts, what they were worth in fact and what they would have been worth if they were as represented."

Counsel for plaintiff then stated to the record:

"I agree entirely with Your Honor. The only reason I offered this or suggest it is so that the court might not think because we are attempting to prove damages that we are by that method trying to hide some profits which we made by the taking over of the houses."

Counsel for defendants remained silent. If he was defending upon the ground that plaintiff was proceeding upon the wrong theory as to the measure of damages, it was then, after the court had so spoken, his duty to speak and advise the court of his position. His failure to do so, in view of the entire record in the case, amounted to a consent for the court to hear and determine the case upon plaintiff's theory. We need not therefore consider whether plaintiff pursued the true theory as to its measure of damages. Where parties consent to try their case below on a particular theory of what the law of the case is, though it be erroneous, they cannot

complain if the result be correct according to that theory. Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 404.

Defendants at no time in the trial of the case made the claim that plaintiff was proceeding upon a wrong theory as to the measure of damages. It did not offer evidence as to the proper rule of damages. They silently permitted the court to recognize that the case was being tried upon plaintiff's theory, and, as indicated, they acquiesced therein. It follows that plaintiff's theory thereby became the law of the case, whether right or wrong.

■ Plaintiff's evidence shows that contracts of this character, if as represented, had a market, and the average customary discount ran from two to six per cent for the period of time they ran; and that a contract such as these actually were would not be salable unless discounted "tremendously." Another witness stated that they would not be salable unless at an "exorbitant" discount, a "high" discount. One witness gave his opinion that a sale of such a contract would necessitate a discount of 50 per cent of the contract balance. The circumstances speak strongly against the salability of such contract. The moral and financial risks in such case are such as to make them unattractive to those who seek to buy contracts and securities as distinguished from real estate.

We are of the opinion that the evidence is sufficient, under plaintiff's theory as to damages, to sustain the trial court's finding as to damages.

Affirmed.