## P. W. MULLANY v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY.[1]

July 21, 1939.

No. 32,082.

[1]Reported in 287 N. W. 118.

*Kelly & Mangan,* for appellant.
*Stacker & Stacker* and *Cecil Magid,* for respondent.

PETERSON, JUSTICE.

This action was brought by P. C. Mullany to recover for damages done to his automobile truck under a policy of insurance issued by defendant insuring against loss by theft, robbery, and pilferage. The action was brought and the policy was issued in the name of P. W. Mullany. The evidence showed that P. C. Mullany bought and paid for the truck to use it in his business, but that he took the contract in the name of P. W. Mullany, his father. An employe arranged for the insurance for which plaintiff paid. Defendant's agent took the information from the contract under which plaintiff purchased the truck. The employe did not tell the agent in whose name the insurance was to be issued. The agent testified that he made the policy in the name of P. W. Mullany so as to conform to the purchase contract. There could be no serious dispute that the plaintiff owned the truck and that the insurance was procured for his benefit. An amendment was permitted upon the trial to show that P. C. Mullany was plaintiff.

The real point at issue below was whether or not the evidence showed that the automobile was stolen. The evidence of the parties is in irreconcilable conflict. The damage was done to the truck while it was being driven by one Kavitz, a young man 22 years of age.

Plaintiff's version is that his driver picked up Kavitz at the latter's request as he was leaving Hastings with a load of beer and other beverages for Cannon Falls and intermediate points for the sole purpose of giving Kavitz a ride to Cannon Falls, where he was to call on a young lady. En route deliveries were made to several of plaintiff's customers, at whose places Kavitz drank both beer and whisky to such an extent that he became intoxicated by the time they arrived at Cannon Falls. The driver himself had a few glasses of beer. In Cannon Falls the driver stopped in front of a customer's place of business with the intention of making a delivery. Both the driver and Kavitz got off the truck. The driver went inside the customer's place, and Kavitz apparently left. When the driver came out he found that the truck was gone. He learned later that Kavitz had driven the truck away and collided with a curb and tree. The streets were slippery at the time. Kavitz was arrested, taken before a justice of the peace, charged with and pleaded guilty to reckless driving.

Defendant's version is that Kavitz and the driver were rather good friends, that Kavitz often accompanied him in the truck and his own car, and that he sometimes drove the truck for the driver. It claims that the driver, pursuant to previous arrangement, went to Kavitz's home and there picked him up to go along on the trip, that both the driver and Kavitz had several drinks of beer and whisky en route, that they purchased a bottle of whisky for which each paid one-half, and that when they arrived in Cannon Falls Kavitz took the truck with the driver's permission under an arrangement to meet him later at a cafe, where Kavitz's girl friend supposedly worked. Kavitz testified that while driving the car under such arrangement the car skidded, hit the curb and tree, causing the damage in question.

The driver testified that Kavitz may have ridden with him in the truck on one or more prior occasions on trips from Hastings to St. Paul to haul beer. He absolutely denied that he ever permitted Kavitz to drive the truck. On the occasion in question the claim is that it is improbable that he would have given such permission because of Kavitz's proved intoxicated condition.

After the collision, the plaintiff, Kavitz, and others had a meeting at which defendant's adjuster was present. The claim was made at the trial that someone at the meeting suggested to Kavitz that he ought to claim he had permission to use the car and had no intention of stealing it.

The court instructed the jury in effect that to constitute a theft within the meaning of the insurance policy Kavitz must have taken the truck with a criminal intent to deprive the owner of his property permanently, but that an intention on the part of Kavitz to restore property stolen was no defense. The charge embraced in substance 2 Mason Minn. St. 1927, §§ 10358 and 10373. Defendant excepted to the charge. Plaintiff had a verdict for the amount of the damage to his truck.

Defendant assigns as error the granting of the amendment, the denial of defendant's motion for judgment notwithstanding the verdict or a new trial, the denial of defendant's motions for a directed verdict at the close of plaintiff's testimony and at the conclusion of all the testimony, and rendering and entering judgment against the defendant.

■ The court in its discretion may at any time permit an amendment of the name of a party. McEvoy v. Bock, 37 Minn. 402, 34 N. W. 740. Here there was no abuse of discretion. P. C. Mullany bought and paid for the truck and the insurance policy. The insurance agent had knowledge of the facts with respect to the ownership and use of the truck, and that P. C. Mullany, not P. W. Mullany, was the real party in interest. No surprise or prejudice was claimed or shown. The case proceeded to trial precisely as if P. C. Mullany had been named as plaintiff and as the insured in the policy from the beginning.

■ The assignment that the court erred in denying a directed verdict raises only the question of the sufficiency of the evidence to sustain the verdict, but not any other question. 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 365, note 42. Farmers Co-op. Exch. Co. v. U. S. F. & G. Co. 150 Minn. 126, 184 N. W. 792. The assignments that the court erred in refusing to order judgment *non obstante* or a new trial also raise only the question of the sufficiency

of the evidence. Cedar Rapids Nat. Bank v. Mottle, 115 Minn. 414, 132 N. W. 911. They do not raise any question with respect to the instructions. The assignment relative to the erroneous entry of judgment is too vague to raise any point. We pass it as being too indefinite. Where, as here, the assignments of error do not present for review the instructions given below, the rules stated in the charge become the law of the case by which the sufficiency of the evidence to sustain the verdict is determined. State v. Sprague, 201 Minn. 415, 276 N. W. 744; Bullock v. New York L. Ins. Co. 182 Minn. 192, 233 N. W. 858; State v. McCarthy, 159 Minn. 48, 197 N. W. 961; 1 Dunnell, Minn. Dig. (2 ed.) § 404.

■ Defendant invokes the rule of cases like Kovero v. Hudson Ins. Co. 192 Minn. 10, 255 N. W. 93; LaMotte v. Retail Hardware Mut. F. Ins. Co. 203 Wis. 41, 233 N. W. 566, and others holding that theft within the meaning of a policy insuring against loss by theft means a permanent deprivation of the property stolen and that a taking with an intention at the time thereof to return the property does not constitute theft. The effect of these holdings is that the rule in criminal cases prescribed by 2 Mason Minn. St. 1927, § 10373, that an intention to restore the property stolen is no defense, does not apply in determining the liability of an insurer for loss under a policy insuring against loss by theft.

This case is to be decided by the rules stated in the charge, which have become the law of the case, and not by the rule which defendant invokes. In Repp v. American F. Mut. Auto. Ins. Co. 179 Minn. 167, 228 N. W. 605, we held that where the charge had become the law of the case decision here was controlled by the rules stated in the charge; but in that case we held the evidence insufficient to sustain a finding of theft upon the ground that the admitted facts surrounding the taking of the car negatived theft. Here the plaintiff's driver denied the existence of any relationship between himself and Kavitz from which an inference negativing theft could be drawn. Where the rule embodied in our statutes defining larceny is applied, the taking of personal property with intention to deprive the driver of his property and the exercise of control over the same without the owner's consent, even if tempo-

rary, is sufficient to constitute theft or larceny. The intention to steal of the person taking the automobile is to be determined as a question of fact. 5 Am. Jur., Automobiles, §§ 568 and 569.

In State v. Maddaus, 137 Minn. 249, 163 N. W. 507, 508, the evidence was held sufficient to sustain a conviction of larceny of an automobile where it appeared that the automobile, which was parked on a street, was started by the defendant, driven about 150 feet, where it was stopped against a curb and abandoned, and the defendant then tried to make a getaway. Mr. Justice Bunn said [137 Minn. 250]: "The control or dominion over the automobile did not last long, but we do not see why it was not complete and absolute for a time." In Price v. Royal Ins. Co. Ltd. 119 Wash. 93, 204 P. 803, 24 A. L. R. 731, an insurer was held liable for loss by theft under the same rule where it appeared that a stranger released the brakes of an automobile parked on the street with the transmission and gears locked so that he was able to drive it down a hill where a collision occurred, causing damage to the car, citing State v. Maddaus, *supra*. Under the rules stated in the instructions, the question of theft was a fact question for the jury.

Affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.

