# ELWOOD J. MARION AND ANOTHER v. ARTHUR R. MILLER AND ANOTHER.[1]

July 18, 1952.

No. 35,719.

[1]Reported in 55 N. W. (2d) 52.

*Silver, Green & Goff,* for appellants.

*Rogers & Renner,* for respondents.

MAGNEY, JUSTICE.

This is an action to recover damages for deceit and misrepresentation in the sale of a resort property known as Cedar Springs Lodge, located in Cass county, Minnesota. A jury returned a verdict for plaintiffs, the purchasers of the resort, for $20,402.50. Defendants, the sellers, appeal from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial. The appeal presents questions as to the admissibility of certain evidence and the sufficiency of the evidence of damages to support the verdict.

Since defendants do not challenge the sufficiency of the evidence to support the finding that defendants made material misrepresentations inducing plaintiffs to purchase the property, the facts need not be stated at any great length. The sale, consummated by contract for deed on October 27, 1947, followed negotiations between the parties in which the misrepresentations relied on are alleged to have occurred. Fifty-seven acres of land, with a frontage on Leech Lake of 2,500 to 2,800 feet, are involved. The property was first occupied by Mr. and Mrs. Miller, the defendants, in 1923, and in the course of the years they constructed nine cabins, a central lodge with dining room, and various other outbuildings. The cabins and lodge were furnished for housekeeping. The Millers were the owners of boats and motors for rent to guests and others.

Plaintiff Elwood J. Marion was an industrial engineer employed by the Firestone Tire & Rubber Company of Akron, Ohio. In the fall of 1947, he came to Minnesota, partly for the purpose of looking at resort properties with the intention of purchasing. He first saw Cedar Springs on October 19, 1947, when, accompanied by

Paige Green, a real estate agent, he went to Cedar Springs for the purpose of telephoning the owner of Jerry's Place, a nearby resort. At that time, defendants suggested that their property was for sale, and a general examination of the property was made by Mr. Marion and his son. Mrs. Marion arrived later, and she also made an examination of the property. Terms were discussed, and on October 22 the sale was consummated, plaintiffs agreeing to purchase the property for $49,500. It is alleged that during the course of examination of the property and the negotiations for sale defendants represented that they had grossed $12,000 in 1947. Plaintiffs also assert that defendants represented that the cottages and lodge were fully equipped, that boats, motors, and all other equipment were in good condition, and that all of the personal property at Cedar Springs, including a Chris-Craft launch, was part of the resort equipment and would be included in the sale, except a few "personal" items which the Millers would take with them.

■ Defendants do not claim on this appeal that the evidence is insufficient to support a finding that the gross income of the resort was materially less than the gross income represented and that this misrepresentation was relied upon by plaintiffs in purchasing the property. It is, therefore, unnecessary for us to decide whether the evidence supports a finding that the other claimed misrepresentations were made. Defendants may be held liable upon a showing that a false representation of a past or existing material fact, within their own knowledge or susceptible of knowledge, was made by defendants with knowledge of the falsity thereof and with intent to induce reliance thereon, if plaintiffs did rely by acting to their damage. Spiess v. Brandt, 230 Minn. 246, 41 N. W. (2d) 561. It can make no difference whether or not other misrepresentations were made.

■ There can be no doubt that there can be no recovery without a showing of injury to plaintiffs resulting from the misrepresentations. "The fraud and injury must concur." Anderson v. G. Heileman Brg. Co. 104 Minn. 327, 329, 116 N. W. 655. Defendants

assert that there is no competent evidence of damages as measured by the instructions given to the jury and that therefore the verdict cannot stand.

The jury was instructed as follows:

"In determining the amount of damages, if you find the plaintiffs have proved the four essentials I have defined, then plaintiffs are entitled to such amount as you find to be the difference between the market value of what the plaintiffs would have received if the defendants' representations had been true, and the market value of what plaintiffs actually did receive in the transaction."

The instruction given is the so-called "benefit-of-the-bargain" rule. It does not state the law of damages in actions for deceit as accepted in this state. Minnesota has adopted the so-called "out-of-pocket-loss" rule. Stickney v. Jordan, 47 Minn. 262, 49 N. W. 980; Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858; Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292; Townsend v. Jahr, 147 Minn. 30, 179 N. W. 486. The rule which we have adopted as the measure of damages in the usual case is stated in Rosenquist v. Baker, 227 Minn. 217, 224, 35 N. W. (2d) 346, 350:

"Damages in an action for false representations and deceit are the natural and proximate loss sustained by the party because of reliance thereon. [Citing cases.] In cases where the fraud induced a purchase, the measure of damages is the difference in value between what was given and what was received."

The instruction given, though erroneous, was not challenged by either party. It is, therefore, the law of the case, as defendants concede (Investment Associates, Inc. v. Home Planners Co. 187 Minn. 555, 246 N. W. 364), and the sufficiency of the evidence of damages to support the verdict is to be determined in the light of the instruction given. Cf. Mullany v. Firemen's Ins. Co. 206 Minn. 29, 287 N. W. 118; State v. McCarthy, 159 Minn. 48, 197 N. W. 961.

As stated, defendants contend that there is no evidence in the case to support the rule laid down by the court as the measure of damages. They say that there is no evidence to show what the mar-

ket value of a resort grossing $12,000 a year would be. It is true that there is no such evidence, but we have the agreed sales price of $49,500. The price agreed upon by the parties is, of course, not binding upon them as establishing the value as represented. Cf. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139. See, Fixen v. Blake, 47 Minn. 540, 50 N. W. 612. The price agreed upon, however, is strong evidence of the value as represented and is sufficient to support a verdict when there is no evidence of the market value of what plaintiffs would have received if defendants' representation had been true. Doyle v. Union Bank & Trust Co. 102 Mont. 563, 59 P. (2d) 1171, 108 A. L. R. 1047; Carr v. Moore, 41 N. H. 131; Page v. Parker, 40 N. H. 47; Long v. Davis, 136 Iowa 734, 114 N. W. 197; Reeser v. Hammond, 122 Kan. 695, 253 P. 233; Divani v. Donovan, 214 Cal. 447, 6 P. (2d) 247; Epp v. Hinton, 91 Kan. 513, 138 P. 576, L. R. A. 1915A, 675; Trapp v. Railroad Men's Refining Co. 114 Kan. 618, 220 P. 249; Cramer v. Overfield, 115 Kan. 580, 223 P. 1100; Selman v. Shirley, 161 Or. 582, 85 P. (2d) 384, 91 P. (2d) 312, 124 A. L. R. 1, 16; Lovejoy v. Isbell, 73 Conn. 368, 47 A. 682.

The argument of defendants in Divani v. Donovan, *supra,* was the same as advanced in the instant case. The courts of California have adopted the "benefit-of-the-bargain" rule—the rule submitted in this case. The California court said (214 Cal. 454, 6 P. [2d] 249):

"* * * The defendants point out that there is no direct proof of what the value would have been had the property been as represented, and that the court, in awarding as damages the difference between the actual value as proved and the price paid for the property, applied a measure which is not adopted as the correct measure under the law. The contention of the defendants apparently is that in the absence of any proof other than proof of the price paid, or the contract price, the plaintiff cannot recover. But the lack of merit in this contention is made apparent by a number of decisions in which it has been held that the contract price or the price paid is some evidence of value. [Citing case.] In other

words, it is some evidence of what the value would have been had the defendants' representations been true. The defendants have not called our attention to any objection on their part to the consideration by the trial court of the purchase price as evidence of what the premises would be worth as represented. It may be said therefore that the evidence of the purchase price in this case in the absence of any other evidence of what the value would have been had the representations been true, was sufficient upon which to base findings and judgment for the plaintiff."

It is our opinion that the agreed sales price satisfies and meets the objection raised. As said in Selman v. Shirley, 161 Or. 609, 85 P. (2d) 394, where the "benefit-of-the-bargain" rule prevails:

"* * * (1) If the defrauded party is content with the recovery of only the amount that he actually lost, his damages will be measured under that rule; (2) if the fraudulent representation also amounted to a warranty, recovery may be had for loss of the bargain because a fraud accompanied by a broken promise should cost the wrongdoer as much as the latter alone; (3) where the circumstances disclosed by the proof are so vague as to cast virtually no light upon the value of the property had it conformed to the representations, the court will award damages equal only to the loss sustained; * * * ."

■ Assignment of errors Nos. 4 and 8 are that it was erroneous to admit over objection the testimony of John J. Barbeau and Paige Green, real estate operators, as to the market value of the resort at the time of the transaction. Whether these witnesses were sufficiently acquainted with the property to qualify them to give their opinions as to its value was a question for determination by the trial court, and admission or exclusion of their testimony was within its discretion. St. Paul Mercury Ind. Co. v. Lyell, 216 Minn. 7, 11 N. W. (2d) 491; In re Delinquent Taxes, Kanabec County, 164 Minn. 522, 204 N. W. 640; Apitz v. City of New Ulm, 189 Minn. 205, 248 N. W. 733.

Defendants contend that the expert witnesses did not have any knowledge of the gross income of Cedar Springs or knowledge of the net income; therefore, that they were not qualified to pass judgment on the market value of the resort. Failure to have in mind or consider these elements does not destroy the competency of the opinions, but affects only the weight which the trier of facts may give to them. Green had participated in the sale of 22 resorts between January and June 1947. Barbeau had been in the real estate business over 20 years. In our opinion, it was within the discretion of the trial court to receive the testimony. With that testimony properly received, the evidence supports the verdict of the jury as to amount.

■ Defendants also claim error in the receipt of the testimony of Elwood Marion, Jr., the son of plaintiffs, as to his estimate of the actual gross income for 1947 as $7,000. This was arrived at by calculation from the rental price for cabins, rooms, and boats, and other sources of income. Defendants contend that this was a mere guess and without foundation, and that admission of the testimony was prejudicial error. The admission of this evidence, whether properly received or not, did not prejudice defendants. The purpose of the testimony was to show that the representation that gross income was $12,000 in 1947 was false. Defendants themselves later introduced evidence that the gross income was substantially less than that represented by putting income tax returns in evidence, and on this appeal they do not contend that there was not sufficient competent evidence that the representation of gross income was false in fact.

Other questions have been raised by this appeal; but, since those we have already considered are determinative of the action, there is no object in further extending this opinion.

Order affirmed.

Mr. Justice Matson took no part in the consideration or decision of this case.