LOBE ENTERPRISES, et al.,
Appellants,

v.

DOTSEN, etc., Defendant and Third
Party Plaintiff, Respondent,

v.

The GRIFFIN COMPANIES, INC., et
al., Third Party Defendants,
Respondents,

D. Thomas Kane, Third Party
Defendant, Respondent.

No. C7–84–1364.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Steven E. Rubin, Minneapolis, for Lobe Enterprises, et al.

Hugh J. Cosgrove, Jesse & Cosgrove, Minneapolis, for Dotsen, etc.

Amy D. Grady, Richard Diamond, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for The Griffin Companies, Inc., et al.

Robert E. Daly, Streefland & Daly, Burnsville, for D. Thomas Kane.

Considered and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Lobe Enterprises purchased an apartment building owned by respondent Dotsen. Respondents Thomas R. Lundstedt and his employer Griffin Companies were Dotsen's sales agent. Respondents represented a new roof was installed on the building by a prior owner. Appellant sued alleging (1) the roof was not new, (2) respondents' statements constituted a material misrepresentation, and (3) seeking $5,250 in expenses incurred in installing a new roof on the building. On March 13, 1984, the trial court found:

1. Dotsen and its sales agent * * * represented to Bruce Rubinger that a new roof had been put on the building in 1978.

2. The Dotsen partnership's information regarding the roof's status was supplied by the owner from whom they had purchased the property in October of 1979, D. Thomas Kane.

3. Kane considered the roof to be new, having applied a continuous covering to it in 1978.

4. The Griffin Companies and agent Thomas Lundstedt listed the property originally for Kane and later for Dotsen on the basis of information supplied to them.

5. Plaintiffs' addendum to the purchase agreement provided a five day inspection period in which plaintiffs could terminate the agreement.

6. Plaintiffs had ample opportunity to inspect the roof and determine its condition but did not do so.

7. None of the defendants deliberately misrepresented the roof's age.

8. Plaintiffs paid $5,250 to repair the roof.

The court also held that appellants, "having failed to prove that the apartment building was not worth the purchase price of $135,000, are not entitled to recover." The court held the measure of damages for misrepresentation was the "out-of-pocket-loss" rule, where loss is determined by calculating the difference between the actual value of the property as received and the price paid. Since appellants introduced no evidence to show the value of the building without the new roof, the court concluded no loss was shown. We affirm.

### ISSUES

1. Did the trial court err in applying the "out-of-pocket-loss" rule rather than the cost of repairs as a measure of damages for misrepresentation?

2. Did appellants provide sufficient evidence to prove damages?

### ANALYSIS

1. Respondents contend appellants mischaracterized the trial court's findings on appeal. The trial court found respondents misrepresented the roof's age and the roof was not new, but none of the defendants deliberately misrepresented the roof's age. The court also found respondent Kane considered the roof to be new. Innocent misrepresentation of material fact is actionable in Minnesota. *Forsberg v. Baker*, 211 Minn. 59, 62, 300 N.W. 371, 373 (1941). Appellants' characterizations of the trial court's findings are supported by the record.

2. Appellant contends the trial court improperly used the "out-of-pocket-loss" rule in measuring damages. The "out-of-pocket-loss" rule provides:

Damages in an action for false representations and deceit are the natural and proximate loss sustained by the party because of reliance thereon. [Citing cases.] In cases where the fraud induced a purchase, the measure of damages is the difference in value between what was given and what was received.

*Marion v. Miller*, 237 Minn. 306, 309, 55 N.W.2d 52, 55 (1952) (quoting *Rosenquist*

*v. Baker,* 227 Minn. 217, 224, 35 N.W.2d 346, 350 (1948) ). Appellants contend that "an improvement which may readily be installed at a cost easily ascertainable" is the proper measure of damages. Appellants term this rule the "benefit-of-the-bargain" rule citing *Shane v. Jacobson,* 136 Minn. 386, 162 N.W. 472 (1917).

Minnesota recognizes the "out-of-pocket-loss" rule as the proper measure of damages for misrepresentation. *Marion,* 237 Minn. at 309, 55 N.W.2d at 55. The benefit-of-the-bargain rule allows recovery of any increase in market value that would have accrued to the purchaser but for the breach. The out-of-pocket-loss rule allows recovery only of losses resulting from the misrepresentation. *See id.* at 308–09, 55 N.W.2d at 55.

Appellants' interpretation of *Shane* is inaccurate. *Shane* involved a contract for the purchase of a farm. The seller misrepresented that 80 acres were tiled for drainage. The trial court found the damages to be the difference between the value of the property with and without tiling, in an amount of $4,000. The trial court there refused to admit evidence that the cost of installing tile sufficient to drain the land was $2,200. The defendant appealed contending damages were excessive and the Minnesota Supreme Court reversed, stating:

> When the deceit in the sale of land relates merely to the existence thereon of an improvement which, at a cost readily ascertainable, may without difficulty be made at any time, the recovery in an action for damages should not *exceed* the cost of making the improvements (unless special damages are claimed and proven), when it is apparent that the existence of the improvement could have had no other bearing on the bargain in the minds of the parties than augmenting the price agreed to be paid for the land by the cost of the improvement.

*Shane,* 136 Minn. at 390, 162 N.W. at 474 (emphasis added).

*Shane* represents an effort by the court to prevent the recovery of excessive damages where the cost of repair was substantially less than the decrease in the value of the property because of the defect. Appellants' contention that damages should be awarded for the cost of repair in all cases where the cost is easily ascertainable is not supported by *Shane.* The trial court applied the proper rule of damages under the circumstances of this matter.

3. Assuming the trial court chose the proper measure of damages, appellants claim they provided sufficient evidence to prove damages. The "out-of-pocket-loss" rule compensates parties injured as a result of a misrepresentation to the extent of the natural and proximate loss sustained. The measure of damages includes "the difference in value of what was given and of what was received." *Watkins v. Lorenz,* 264 Minn. 471, 478, 119 N.W.2d 482, 487 (1963).

Appellants did not establish the apartment building's value was less than the price paid. Appellants contend the value of the building without the new roof can be determined by subtracting the repair cost ($5,250) from the purchase price ($135,000). Under this theory, the value of the building would be $129,750. The $5,250 cost of a new roof does not, however, establish the apartment's market value without the new roof was $129,750. The installation price of a new roof includes cost factors which have no effect upon the market value of the building. Appellants offered no evidence to show the actual value of the property in the condition received. That value is essential to prove loss. Under these circumstances, repair costs do not accurately reflect appellants' loss proximately arising from the misrepresentation.

## DECISION

The trial court properly applied the "out-of-pocket-loss" rule in determining damages. Appellants did not meet their burden of proving loss arising as a result of respondents' misrepresentations.

Affirmed.